THOMPSON v THOMPSON

Docket No. 250504. Submitted March 10, 2004, at Lansing. Decided
    March 23, 2004, at 9:10 A.M.

    Clark C. Thompson brought an action for divorce from Alicia D.
    Thompson in the Hillsdale Circuit Court. The court, Michael R.
    Smith, J., pursuant to a stipulation by the parties, entered an
    order temporarily awarding the plaintiff physical custody of the
    parties' children. After a trial, the court awarded physical custody
    of the children to the defendant during the school year and to the
    plaintiff during the summer, determining that although an estab-
    lished custodial environment had existed with the plaintiff, the
    defendant established by clear and convincing evidence that a
    change in custody would be in the children's best interests. The
    plaintiff appealed.

    The Court of Appeals *held*:

    1. The trial court did not abuse its discretion in denying the
plaintiff's motion to limit the evidence regarding the children's
custody to those incidences, occurrences, or events that took place
after the entry of the temporary custody order. Custody disputes
are to be resolved in the best interests of the children, using the
factors set out in MCL 722.23. The trial court must consider and
explicitly state its findings and conclusions with regard to each
factor. When considering the best interest factors, the trial court
must consider all pertinent and relevant factors on the record as it
stands at the time of the hearing. Contrary to the plaintiff's
contention, a party who stipulates a temporary custody order is
still entitled to a full evidentiary hearing on the best interests
factors.

    2. The trial court's custody award after trial is the original
custody award, not a modification or amendment of an existing
custody award. The requirement of MCL 722.27(1)(c) that proper
cause or change in circumstances must be shown before an
existing custody award may be amended or modified does not
apply. The trial court did not err in changing custody without a
showing by the defendant of proper cause or change in circum-
stances.

    3. MCL 722.27(1)(c) provides that a trial court may not issue a

new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. In this case, after determining that the children had an established custodial environment with the plaintiff, the trial court analyzed the best interest factors of MCL 722.23 and determined that the defendant presented clear and convincing evidence that a change in custody was in the children's best interests. The trial court's findings of fact regarding the children's best interests were not against the great weight of the evidence.

4. The trial court did not exceed the permissible scope of the in camera interviews of the children; it did not go beyond a reasonable inquiry into the parental preferences of the children by asking one child questions concerning the parties' relationship and the differences between the roles each party assumed before and after their separation.

Affirmed.

*Loren & Shirk* (by *Kevin G. Shirk*) for the plaintiff.

*Parker, Hayes & Lovinger* (by *Michelle A. Bianchi*) for the defendant.

Before: JANSEN, P.J., and MARKEY and GAGE, JJ.

PER CURIAM. Plaintiff appeals as of right from a divorce judgment entered by the trial court awarding physical custody of the parties' minor children to defendant during the school year and to plaintiff during the summer. We affirm.

I

Plaintiff and defendant married on September 10, 1988, and had two children. On October 16, 2002, plaintiff filed for divorce. On October 21, 2002, the parties stipulated that plaintiff would have temporary physical custody of the children, and the trial court entered an order to that effect. Subsequently, defendant filed a motion regarding the temporary custody order,

which the trial court denied. The parties agreed to a property settlement, leaving custody of the children as the only issue remaining for trial. At trial, the trial court determined that an established custodial environment existed with plaintiff; consequently, defendant had the burden of proving by clear and convincing evidence that a change in custody would be in the children's best interests. The trial court discussed the best interest factors and found the parties equal on four factors, in favor of defendant on seven factors, and in favor of plaintiff on one factor. The trial court then determined that defendant met her burden of proving by clear and convincing evidence that a change in custody would be in the children's best interests. The trial court awarded physical custody of the children to defendant during the school year and to plaintiff during the summer.

II

Plaintiff's first issue on appeal is that the trial court erred in admitting testimony at trial regarding events and incidents that occurred before entry of the order granting temporary custody to plaintiff. We disagree.

Evidentiary rulings are reviewed for an abuse of discretion. *Chmielewski v Xermac, Inc*, 457 Mich 593, 614; 580 NW2d 817 (1998). "An abuse of discretion is found only if an unprejudiced person, considering the facts on which the trial court acted, would say there is no justification or excuse for the ruling made." *Ellsworth v Hotel Corp of America*, 236 Mich App 185, 188; 600 NW2d 129 (1999). We find that the trial court did not abuse its discretion in denying plaintiff's motion to limit the evidence regarding the children's custody to those incidences, occurrences, or events that took place after the entry of the temporary custody order.

Plaintiff moved in limine for the trial court to "limit the proofs to those incidences, occurrences, or events which would be relevant to a custodial determination by [the trial court] which have occurred since December 20th of the year 2002 [the date the trial court denied defendant's motion regarding temporary custody]." The trial court denied plaintiff's motion to limit the evidence, stating, "this is a trial on the merits, as far as the Court is concerned. This is not a postjudgment type of matter. I think [defendant is] entitled to her day in court and I'll allow her to present all of her testimony."

Plaintiff contends that the trial court erred in allowing testimony regarding events that predated entry of the temporary custody order because that order established a starting point from which all subsequent inquiries regarding custody should have been measured. But plaintiff cites no authority for the proposition that where a temporary custody order is entered pending a full evidentiary hearing to determine the best interests of the children, the trial court may consider only occurrences from the time the temporary custody order was entered until the time of the hearing. It is well-settled that "[a] party may not leave it to this Court to search for authority to sustain or reject its position." *In re Keifer*, 159 Mich App 288, 294; 406 NW2d 217 (1987). Argument must be supported by citation of appropriate authority. MCR 7.212(C)(7); *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003). An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002).

Regardless, this Court has held that custody disputes are to be resolved in the best interests of the children, using the factors set out in MCL 722.23. *Treutle v*

*Treutle,* 197 Mich App 690, 694; 495 NW2d 836 (1992).
The trial court must consider and explicitly state its
findings and conclusions with regard to each factor. *Id.*;
*Schubring v Schubring,* 190 Mich App 468, 470; 476
NW2d 434 (1991). When considering the best interests
factors, the trial court must consider all pertinent and
relevant factors "on the record as it stands at the time
of hearing." *Adams v Adams,* 100 Mich App 1, 14; 298
NW2d 871 (1980).

Apparently, plaintiff is contending that when a party
stipulates a temporary custody order, the party is no
longer entitled to a full evidentiary hearing on the best
interests factors. Plaintiff's argument is without merit,
as it would preclude the trial court, on the basis of a
temporary custody agreement, from hearing all rel-
evant evidence from which to make factual findings
regarding the best interests factors. By definition, a
temporary custody agreement is only a *temporary* order
pending further proceedings. Defendant may not be
denied a full evidentiary hearing just because she
stipulates with regard to "temporary custody." There-
fore, the trial court did not abuse its discretion in
denying plaintiff's motion to limit testimony to those
events that occurred after entry of the temporary
custody order.

Plaintiff's second issue on appeal is that it was error
for the trial court to change custody of the children
from plaintiff to defendant without requiring defendant
to show a change of circumstances or proper cause after
the trial court found that the children had an estab-
lished custodial environment with plaintiff. Because
this was a temporary custody order, we disagree.

This Court, in *Phillips v Jordan,* 241 Mich App 17,
20; 614 NW2d 183 (2000), summarized the standards of
review that are applied in custody cases as follows:

> We apply three standards of review in custody cases.
> The great weight of the evidence standard applies to all
> findings of fact. A trial court's findings regarding the
> existence of an established custodial environment and
> regarding each custody factor should be affirmed unless
> the evidence clearly preponderates in the opposite direc-
> tion. An abuse of discretion standard applies to the trial
> court's discretionary rulings such as custody decisions.
> Questions of law are reviewed for clear legal error. A trial
> court commits clear legal error when it incorrectly chooses,
> interprets, or applies the law. [Citations omitted.]

A proper determination of the issues presented in this
case requires us to interpret provisions of the Child
Custody Act. Statutory interpretation is a question of
law that is considered de novo on appeal. *Eggleston v
Bio-Medical Applications of Detroit, Inc,* 468 Mich 29,
32; 658 NW2d 139 (2003); *Atchison v Atchison,* 256
Mich App 531, 535; 664 NW2d 249 (2003).

Plaintiff argues that the trial court erred in modify-
ing custody because defendant did not demonstrate the
proper cause or change in circumstances that must be
shown before a trial court may modify or amend its
previous judgments or orders, pursuant to MCL
722.27(1)(c). We find that the trial court was not
required to determine whether defendant demon-
strated proper cause or change in circumstances be-
cause the proceeding in question was not held to amend
or modify a custody order. The trial court's custody
award resulting from trial was the original custody
award and not a modification or amendment of an
existing custody award.

The trial court signed the parties' stipulation for
"temporary custody." There was no evidentiary hearing
regarding the best interests factors. Defendant had no
attorney and claims that when she entered into the
stipulation, plaintiff had represented to her that once

she got established, plaintiff would allow her to have custody. After consulting an attorney, defendant moved to set aside the temporary custody stipulation, but the trial court denied the motion without holding an evidentiary hearing and without making specific findings regarding the best interests of the children.[1] The trial provided defendant with her first opportunity for an evidentiary hearing.

It is improper to decide the issue of custody on the pleadings alone when no evidentiary hearing is held. See *Schlender v Schlender*, 235 Mich App 230, 233; 596 NW2d 643 (1999). Although this Court will enforce temporary change-of-custody agreements, *Loyd v Loyd*, 182 Mich App 769, 780; 452 NW2d 910 (1990); *Theroux v Doerr*, 137 Mich App 147, 149-150; 357 NW2d 327 (1984), parties cannot conclusively agree regarding

---

[1] We note that the record reveals that a hearing was conducted, but does not reveal that an evidentiary hearing was held. Plaintiff (appellant) has failed to provide this Court with a transcript of the hearing that is referred to, and that resulted, in the trial court's December 20, 2002, order denying defendant's motion regarding temporary custody. The appellant must provide this Court with the lower court record, and this includes the filing of all transcripts in the lower court file. MCR 7.210(B)(1)(a); *Nye v Gable, Nelson & Murphy*, 169 Mich App 411, 414; 425 NW2d 797 (1988). The obligation to produce the transcripts applies regardless of whether the transcript is directly relevant to the issues on appeal. *Nye, supra* at 416. This Court can refuse to consider issues for which the appellant failed to produce the transcript. *Myers v Jarnac*, 189 Mich App 436, 444; 474 NW2d 302 (1991). But, in this case, it seems apparent, from the briefs and the trial court's remarks at trial, that the trial court heard the parties' arguments, did not decide on the best interests factors, and indicated that these issues would be addressed at the divorce/custody trial. At trial, the trial court stated this was the trial "on the merits," and defendant is "entitled to her day in court," which indicates that this was the first evidentiary hearing on the merits. Because plaintiff did not produce the transcript, we are forced to assume that the trial court did not decide on the best interests factors or conduct an evidentiary hearing.

child custody, *Phillips, supra* at 21-22; *Napora v Napora*, 159 Mich App 241, 246; 406 NW2d 197 (1986).

MCL 722.27(1) provides in relevant part:

> If a child custody dispute has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit court or an order or judgment of the circuit court, for the best interests of the child the court may do 1 or more of the following:
>
> (a) Award the custody of the child to 1 or more of the parties involved . . . .
>
> \* \* \*
>
> (c) Modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances . . . . The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered.

A custody award may be modified or amended on a showing of proper cause or a change of circumstances that establishes that the modification is in the child's best interest. MCL 722.27(1)(c); *Foskett v Foskett*, 247 Mich App 1, 5; 634 NW2d 363 (2001). But the trial court in the present case had not awarded custody before the trial. MCL 722.27(1)(a) provides that in the best interests of the child, a trial court may award custody to one of the parties involved. The trial court, in an original

action, awarded physical custody to defendant during the school year and to plaintiff during the summer. But MCL 722.27(1)(c) still applies except for the part referring to modifications and amendments. The first sentence of MCL 722.27(1)(c) only refers to when a party is attempting to "[m]odify or amend," while the second sentence mandates that the trial court not "modify or amend its previous judgments or orders *or issue a new order* so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." (Emphasis added.) In light of the clear intention of the Legislature, the first sentence of the MCL 722.27(1)(c) does not apply the trial court's initial or "new" custody order in this matter.[2] The trial court's

---

[2] The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003). The Child Custody Act of 1970, MCL 722.21 *et seq.*, governs child custody disputes between parents and the purpose of the act is to promote the best interests of children, and it is to be liberally construed. MCL 722.26(1); *Frame v Nehls*, 452 Mich 171, 176; 550 NW2d 739 (1996). The intent is clear with the Child Custody Act: the best interests of children should be taken into account when deciding custody, regardless of a prior temporary custody order. Once the intention of the Legislature is discovered, it must prevail regardless of any conflicting rule of statutory construction. *Green Oak Twp v Munzel*, 255 Mich App 235, 240; 661 NW2d 243 (2003). Nonetheless, rules of construction also support our interpretation of MCL 722.27. Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning, considering the context in which the words are used. MCL 8.3a; *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 748; 641 NW2d 567 (2002); *Theisen v Knake*, 236 Mich App 249, 253; 599 NW2d 777 (1999). "New" is defined as: ". . . a kind now existing or appearing for the first time . . . ." *Random House Webster's College Dictionary* (1997). The first sentence of MCL 722.27(1)(c) does not contain the phrase "or issue a new order," and the second sentence of MCL 722.27(1)(c) does include this phrase. In construing a statute, the court should presume that every word has some meaning and should avoid any construction that would render any part of a statute surplusage or nugatory. *Hoste v Shanty Creek Management*,

award of custody was not a modification or amendment; it was a new order that is only subject to the limitation provided in the second sentence of MCL 722.27(1)(c). As such, the requirement to show proper cause or change of circumstances does not apply to the trial court's initial award of custody in the present case.

The trial court may not "issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." MCL 722.27(1)(c). The trial court, here, did find that an established custodial environment existed with plaintiff.[3] Thus, the next inquiry is whether defendant could demonstrate by clear and convincing evidence that the change of an established custodial environment would be in the children's best interests. MCL 722.27(1)(c); *Phillips, supra* at 21. The trial court then analyzed the best interests factors and determined that defendant presented clear and convincing evidence supporting a change in custody was in the best interests of the children in accordance with MCL 722.23 and MCL 722.27(1)(c).[4]

---

*Inc*, 459 Mich 561, 574; 592 NW2d 360 (1999). As far as possible, effect should be given to every sentence, phrase, clause, and word. *Pohutski v City of Allen Park*, 465 Mich 675, 684; 641 NW2d 219 (2002). Similarly, the omission of a provision in one part of a statute that is included in another part should be construed as intentional, *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993), and provisions not included by the Legislature should not be included by the courts, *In re Wayne Co Prosecutor*, 232 Mich App 482, 486; 591 NW2d 359 (1998).

[3] Whether an established custodial environment exists is a question of fact for the trial court to resolve on the basis of MCL 722.27(1)(c). *Mogle v Scriver*, 241 Mich App 192, 197; 614 NW2d 696 (2000).

[4] We note that in *Vodvarka v Grasmeyer*, 259 Mich App 499, 502-507; 675 NW2d 847 (2003), the underlying circumstances were different, as the defendant was requesting a reevaluation of the trial court's prior award of custody and was not seeking an initial evidentiary hearing on

We have consistently held that "when deciding a custody matter the trial court must evaluate each of the factors contained in the Child Custody Act, MCL 722.23; MSA 25.312(3), and state a conclusion on each, thereby determining the best interests of the child." *Arndt v Kasem*, 135 Mich App 252, 255; 353 NW2d 497 (1984), citing *Speers v Speers*, 108 Mich App 543; 310 NW2d 455 (1981); see also *Schubring, supra* at 470. If we were to agree with plaintiff, in essence, a party who stipulates a temporary custody agreement would not be able to have an evidentiary hearing unless a change of circumstances or proper cause was shown.[5] This is improper because defendant is entitled to have the trial court make findings on the best interests factors. "The trial court cannot blindly accept the stipulation of the parents, but must independently determine what is in the best interests of the child." *Phillips, supra* at 21. The trial court did not commit clear legal error in its application of the Child Custody Act.

With regard to the trial court's best interests findings, a trial court determines the best interests of the children by weighing the twelve statutory factors set out in MCL 722.23. *Eldred v Ziny*, 246 Mich App 142, 150; 631 NW2d 748 (2001). A trial court's findings with regard to each of the factors is subject to review under the great weight of the evidence standard and should be affirmed unless the evidence clearly preponderates in the opposite direction. *Fletcher v Fletcher*, 447 Mich 871, 879; 526 NW2d 889

---

custody. In the present case, there was no reevaluation. Defendant was waiting for the trial court to make its first evaluation.

[5] In *Theroux, supra,* this Court indicated that public policy demands that where one parent temporarily and voluntarily relinquishes custody to the other for the sake of the child, that action is not a proper basis for taking custody from that parent. *Id.* at 149-150. We note that there was evidence in the present case indicating that defendant stipulated the temporary custody order until she could get a house and get settled.

(1994). Plaintiff does not challenge the trial court's findings of fact on the best interests factors. Regardless, on the basis of our review of the record, we find that the trial court's findings of fact are not against the great weight of the evidence, and the trial court did not abuse its discretion in determining that it was in the best interests of the children to award physical custody to defendant during the school year and to plaintiff during the summer.

III

Plaintiff's final issue on appeal is that the trial court abused its discretion by conducting an in camera interview with the children that went beyond a reasonable inquiry into the children's parental preferences. We disagree.

Plaintiff argues that the trial court exceeded the scope of the in camera interview because it went beyond a reasonable inquiry into the preferences of the children and used this information to determine factors other than the children's parental preferences. Specifically, plaintiff takes issue with the trial court's questioning of then ten-year-old Joey concerning whether his parents fought, which parent took him to doctor's appointments, who cooked meals, cleaned, and helped him with homework. We find that the trial court did not exceed the permissible scope of the in camera interview, i.e., it did not go beyond a reasonable inquiry into the parental preferences of the children.

This Court has held that "a child's in camera interview during custody proceedings must be limited to a reasonable inquiry into the child's parental preference," because "when the in camera interview is used for fact finding it invites numerous due process problems." *Molloy v Molloy*, 247 Mich App 348, 351; 637

NW2d 803 (2001), affirmed in part and vacated in part 466 Mich 852 (2002). But "the interview should not take place in a vacuum," and "[i]nquiry must be made in order to test the authenticity, the motives, and the consistency of the preference. Often a good interview will result in information that affects other child custody factors." *Id.* at 353.

A careful review of the record reveals that the trial court's questions were not intended as a fact-finding expedition. Clearly the trial court intended to engage the children and encourage them to speak freely about the living situation with plaintiff as compared to when the parties all lived together in the marital home. The trial court began the interview with Joey by asking him about school, sports, and his relationship with his sister. The trial court then inquired about living with plaintiff, how much he got to see defendant, and how well Joey got along with his parents. Joey's answers consisted of "good," "okay," and "fine." In an attempt to get Joey to open up and give more detailed answers, the trial court asked questions concerning the parties' relationship and the differences between the roles each party assumed before and after their separation, i.e., who took Joey to doctor's appointments, who did household chores, whether his parents fought, and who helped him with homework.

Remaining mindful of this Court's statement that in camera interviews "should not take place in a vacuum," it is apparent that the majority of the questions that plaintiff finds objectionable were intended to encourage the children to open up about their parental preferences, and to illicit a descriptive response to give the trial court a more specific indication of the parental preferences of the children. See *Molloy, supra* at 353. It does not appear either that the trial court used any

extraneous information it received during these in camera interviews when determining the remaining factors pertaining to the children's best interests. Moreover, in light of the fact that plaintiff and defendant had already testified concerning their relationship, who took the children to doctor's appointments, and who was responsible for household chores, any error was harmless.

Affirmed.