# STATE OF MICHIGAN

# COURT OF APPEALS

DIANA L. BONO,

        Plaintiff-Appellant,

v

DAVID T. BONO,

        Defendant-Appellee.

UNPUBLISHED
November 19, 2015

No. 325331
Macomb Circuit Court
Family Division
LC No. 2013-006119-DM

Before: JANSEN, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Plaintiff, Diana L. Bono, appeals as of right a judgment of divorce, entered by the trial court in response to a motion for entry of judgment by defendant, David T. Bono. We reverse the trial court's custody order included in the parties' judgment of divorce and remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

This case arises out of the trial court's entry of a judgment of divorce, which granted the parties joint legal and physical custody of their two minor children and parenting time.

In November 2013, plaintiff filed a complaint seeking a judgment of separate maintenance against defendant, under which she sought primary physical custody of the minor children. In December 2013, defendant filed an answer to plaintiff's complaint for separate maintenance and a counter-complaint seeking divorce, under which he sought joint legal and physical custody.

In August 2014, after several months of counseling and mediation regarding custody and parenting time, the parties appeared before the trial court, stating that they had reached a mediated settlement that they wished to place on the record. Under the settlement agreement, the parties were awarded joint legal and joint physical custody along with equal parenting time. After the parties were questioned on the record by their respective counsel regarding the circumstances of the divorce and their voluntary decision to enter into the settlement agreement, the trial court granted a judgment of divorce and verbally ordered entry of judgment within 21 days.

-1-

As of October 1, 2014, a divorce judgment had not been entered, prompting the trial court to issue a notice of intent to dismiss the case for lack of progress. Defendant then filed a motion seeking entry of judgment, to which he appended a proposed judgment. Plaintiff objected to the entry of judgment for multiple reasons, including that the trial court had not determined whether the proposed custody arrangement was in the best interests of the minor children. She requested that the trial court "refer the matter to the Macomb County Friend of the Court for an investigation and recommendation regarding child custody and parenting time[.]"

On October 24, 2014, the trial court held a hearing on defendant's motion for entry of judgment. Plaintiff emphasized, *inter alia*, the importance of the child custody and parenting time provisions contained in the judgment, again requesting that the matter be referred to the Friend of the Court for an investigation regarding custody and parenting time. Additionally, she argued that the trial court could not "simply rubber stamp" the parties' custody and parenting time agreement without first determining "whether this was a good thing or in the best interest of the children." After the parties presented extensive arguments, the trial court took the matter under advisement.

At a December 11, 2014 hearing, the trial court announced its decision. It held that the parties had entered into a valid settlement agreement, but it acknowledged that no best interest findings or determination had been made regarding child custody or parenting time. Accordingly, the trial court began to elicit testimony from the parties regarding the best interest factors under MCL 722.23. After briefly considering two of the factors, however, the trial court inquired whether the Friend of the Court had performed an investigation and prepared a recommendation regarding custody or parenting time. After noting that no such investigation had been performed and asking the parties how they would handle the custody issue at that juncture, the trial court called a recess.

When it returned to the bench, it held that defendant's proposed judgment of divorce would be entered—including the provisions regarding child custody and parenting time—without further delay:

> I have no option but to refer this, [sic] consider this [i.e., plaintiff's objection to entry of judgment, as] a motion to modify and simply allow you to enter the [divorce] judgment.

> There is no way to un-ring the bell. I will not have the cooperation or the participation of [p]laintiff.

> * * *

> What I can, however, do is say exactly what I said. The judgment stands. The judgment will enter, which comports with the settlement that was placed on the record. That is the only objection we have heard. This [sic] is being modified. I find there is proper cause, change of circumstances from that date to refer this to the Friend of the Court for an investigation as to custody and parenting time.

Accordingly, on December 11, 2014, the trial court entered a judgment of divorce consistent with the settlement placed on the record at the August 26, 2014 hearing.

## II. STANDARD OF REVIEW

"Under the Child Custody Act, MCL 722.21 *et seq.*, 'all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.' MCL 722.28." *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). We review a trial court's discretionary rulings, including custody decisions, for an abuse of discretion. *Vodvarka v Grasmeyer*, 259 Mich App 499, 507-508; 675 NW2d 847 (2003). "A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Id.* (quotation marks and citation omitted). Likewise, "[a] court by definition abuses its discretion when it makes an error of law." *In re Waters Drain Drainage Dist*, 296 Mich App 214, 220; 818 NW2d 478 (2012).

## III. ANALYSIS

Plaintiff argues that the trial court abused its discretion by entering a judgment of divorce, which included child custody provisions, without first considering the statutory best interest factors. We agree.

## A. APPLICABLE LAW

Pursuant to the Child Custody Act, "[t]he controlling consideration in child custody disputes between parents is the best interests of the children. . . . Parties to a divorce judgment cannot by agreement usurp the court's authority to determine suitable provisions for the child's best interest." *Lombardo v Lombardo*, 202 Mich App 151, 159-160; 507 NW2d 788 (1993), citing MCL 722.25; see also *Thompson v Thompson*, 261 Mich App 353, 359-360; 683 NW2d 250 (2004). Thus, "the Child Custody Act requires the circuit court to determine independently what custodial placement is in the best interests of the children," even if the parties utilize alternative dispute resolution to come to an agreement regarding a child's custody placement. *Harvey v Harvey*, 470 Mich 186, 187; 680 NW2d 835 (2004) (footnotes omitted). A negotiated settlement agreement between the parties "does not diminish the court's obligation to examine the best interest factors and make the child's best interests paramount." *Id.* at 193, citing MCL 722.25(1).

Thus, when deciding a custody dispute, a "trial court must consider and explicitly state its findings and conclusions with regard to each [best interest] factor" enumerated under MCL 722.23. *Thompson*, 261 Mich App at 357; see also *id.* at 363. This inquiry is mandatory, as a party involved in a custody dispute "is entitled to have the trial court make findings on the best interests factors." *Id.* at 363. "When considering the best interest factors, the trial court must consider all pertinent and relevant factors on the record as it stands at the time of hearing." *Id.* at 357 (quotation marks and citation omitted). However, when the parties have negotiated an agreement concerning custodial placement, the trial court need not "conduct a hearing or otherwise engage in intensive fact-finding" regarding the best interest factors. *Harvey*, 470 Mich

at 192-193. Nevertheless, it remains obligated to take the steps necessary to "satisfy itself concerning the best interests of the children." *Id*.

When a trial court enters a custody order, it implicitly indicates that (1) it has examined the best interest factors, (2) it has engaged in "profound deliberation" as to its discretionary custody ruling, and (3) it is satisfied that the custody order is in the child's best interests. *Id*. at 193. See also *Koron v Melendy*, 207 Mich App 188, 191; 523 NW2d 870 (1994) ("Implicit in the trial court's acceptance of the parties' custody and visitation arrangement is the court's determination that the arrangement struck by the parties is in the child's best interest."). If a trial court fails to properly consider the best interest factors, the appropriate remedy is to remand the case to the trial court for a new custody hearing. *Spires v Bergman*, 276 Mich App 432, 443; 741 NW2d 523 (2007), citing *Foskett v Foskett*, 247 Mich App 1, 12; 634 NW2d 363 (2001).

## B. APPLICATION

Here, the record clearly shows that the trial court ordered entry of the divorce judgment, which included child custody provisions, without first considering the statutory best interest factors.[1] The trial court explicitly recognized that it had not considered the best interest factors and, instead, largely focused its analysis on whether the parties had a valid settlement agreement. However, even if the settlement agreement was valid, the agreement did not relieve the trial court of its duty to independently review the best interest factors and determine whether the custody arrangement was in the children's best interests. *Harvey*, 470 Mich at 192-193; *Foskett*, 247 Mich App at 12.

This case is distinct from a situation in which a trial court implicitly indicates that it satisfied itself concerning the children's best interests by signing a custody order because, in this case, the trial court (1) had not yet entered the judgment of divorce when plaintiff raised her objection, (2) it expressly acknowledged that it did not previously consider the best interest factors, and (3) it subsequently entered the judgment after abruptly discontinuing its consideration of the best interest factors, despite its earlier statement that it was not authorized to simply accept the parties' stipulation. See *Harvey*, 470 Mich at 192-193. Therefore, because the trial court erred in failing to perform its duty to review the best interest factors, remand is required. See *Spires*, 276 Mich App at 443.[2]

---

[1] The trial court also made no finding regarding the established custodial environment of the minor children. "[A] trial court is required to determine whether there is an established custodial environment with one or both parents before making *any* custody determination." *Kessler v Kessler*, 295 Mich App 54, 61; 811 NW2d 39 (2011), citing MCL 722.27.

[2] Plaintiff also argues on appeal that the trial court clearly erred in treating her objection to entry of the divorce judgment—and its custody provisions—as a request to modify an existing custody order. The basis of plaintiff's claim is that characterizing her objection as a request for modification imposed a greater burden on plaintiff, as she was then required to demonstrate a

IV. CONCLUSION

We reverse the custody order only under the judgment of divorce and remand this matter for the trial court to determine whether the parties' custody agreement is in the children's best interests. Under *Harvey*, 470 Mich at 192-193, a full evidentiary hearing is not required. However, when the trial court makes its best interest determination, it should consider up-to-date information that is brought to its attention. See *Fletcher v Fletcher*, 447 Mich 871, 889; 526 NW2d 889 (1994); *Kubicki v Sharpe*, 306 Mich App 525, 545; 858 NW2d 57 (2014). We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan

---

change of circumstances or proper cause in order to initiate a change in custody. See MCL 722.27(1)(c). We need not address this argument in light of our determination that it is necessary to reverse the trial court's initial custody order and remand this case for a determination of the children's best interests.