*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KRISTINE K. AHLES,

        Plaintiff-Appellee,

v

PHILIP J. AHLES,

        Defendant-Appellant.

UNPUBLISHED
March 28, 2019

No. 340483
St. Clair Circuit Court
LC No. 17-000366-DM

Before: MURRAY, C.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right a default judgment of divorce. We affirm in part, reverse in part, and remand.

On appeal, defendant argues that the trial court erred when it refused to set aside an order of default on the basis that there is no excuse for violating a court rule and erred when the court made insufficient factual findings on the issues of the equitable division of the marital property and child custody. We disagree regarding defendant's argument pertaining to the setting aside of the default, but we agree that the trial court's factual findings were insufficient.

## I. SETTING ASIDE OF DEFAULT

Defendant argues that the trial court abused its discretion when it denied defendant's motion to set aside the June 29, 2017 order of default. "The ruling on a motion to set aside a default . . . is entrusted to the discretion of the trial court. Where there has been a valid exercise of discretion, appellate review is sharply limited. Unless there has been a clear abuse of discretion, a trial court's ruling will not be set aside." *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (1999) (citations omitted).

In this case, the trial court entered two defaults against defendant. The first default was entered on March 8, 2017, "for failure to plead or otherwise defend." The second default was entered on June 29, 2017, because defendant failed to appear at a scheduled pretrial hearing. On August 31, 2017, defendant filed a motion to set aside a default, but his motion discussed only

the second default, and defendant did not provide an affidavit of meritorious defense. The trial court denied defendant's motion to set aside the June 29, 2017 default.

"[A]lthough the law favors the determination of claims on the merits, it also has been said that the policy of this state is generally against setting aside defaults and default judgments that have been properly entered." *Id.* at 229 (citations omitted). The setting aside of a default is governed by MCR 2.603(D)(1), which states, "A motion to set aside a default or default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown *and* an affidavit of facts showing a meritorious defense is filed." (Emphasis added.)

Notably, defendant does not argue that the defaults were improperly entered. Instead, he asserts that he has shown good cause for setting aside the defaults. A party can show good cause by "(1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand." *Shawl v Spence Bros, Inc,* 280 Mich App 213, 221; 760 NW2d 674 (2008).

Both on appeal and in the trial court, defendant argued that the trial court abused its discretion when it denied defendant's motion to set aside the June 29, 2017 default because defendant was representing himself at the time the defaults were entered and never received notice of the June 29, 2017 pretrial hearing, as defendant did not know that he needed to update his address with the court clerk. Defendant had not one, but two defaults entered in this case. Defendant essentially argues that the trial court should have excused his noncompliance with the court rules and his failure to update his address with the court clerk because he was unrepresented by counsel when those errors occurred. However, this Court has said "that a person acting in propria persona should be held to the same standards as members of the bar." *Totman v Sch Dist of Royal Oak*, 135 Mich App 121, 126; 352 NW2d 364 (1984). Accordingly, defendant's argument is not persuasive.

Furthermore, good cause alone is not sufficient to set aside a default under MCR 2.603(D)(1). In addition to good cause, a party must also file "an affidavit of facts showing a meritorious defense." MCR 2.603(D)(1). "Our Supreme Court has recognized that good cause and a meritorious defense are separate requirements that may not be blurred and that a party must have both . . . ." *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 390; 808 NW2d 511 (2011) (quotation marks and citation omitted). Defendant did not file an affidavit of meritorious defense in the trial court. Therefore, defendant failed to comply with the requirements of MCR 2.603(D)(1), and the trial court did not abuse its discretion when it denied defendant's motion to set aside the June 29, 2017 default.

Defendant also argues that the trial court should have considered a lesser sanction before entering a default against defendant. However, defendant's argument is based on caselaw concerning dismissal. He offers no support for his assertion that a trial court must consider a lesser sanction before entering an order of default. "A party cannot simply assert an error or announce a position and then leave it to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitchell v Mitchell*, 296 Mich App 513, 524; 823 NW2d 153

(2012) (quotation marks and citation omitted). Accordingly, we will not consider defendant's argument regarding the necessity of considering a lesser sanction before entering an order of default.

## II. FACTUAL FINDINGS

Defendant also argues that the trial court made insufficient factual findings on the issues of the division of the martial property and child custody.

This Court has explained the standard of review for distribution of marital property as follows:

> In deciding issues on appeal involving division of marital property, this Court first reviews the trial court's findings of fact. Findings of fact, such as a trial court's valuations of particular marital assets, will not be reversed unless clearly erroneous. A finding is clearly erroneous if, after a review of the entire record, the reviewing court is left with the definite and firm conviction that a mistake was made. If the trial court's findings of fact are upheld, this Court must decide whether the dispositive ruling was fair and equitable in light of those facts. The dispositional ruling is discretionary and will be affirmed unless this Court is left with a firm conviction that the division was inequitable. [*Cassidy v Cassidy*, 318 Mich App 463, 476-477; 899 NW2d 65 (2017).]

And this Court will "affirm a custody order unless the trial court's findings of fact were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Kessler v Kessler*, 295 Mich App 54, 58; 811 NW2d 39 (2011). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).

The trial court did not allow defendant to participate in the hearing resolving the issues of child custody and the division of the marital property because defendant was in default. Plaintiff's testimony was the only evidence introduced at the hearing. "This Court has held that allowing a defaulted party to participate in the adjudication of the property division in a divorce case would effectively undermine the court's inherent authority to enforce its own directives and to mold its relief according to the character of the case." *Koy v Koy*, 274 Mich App 653, 659; 735 NW2d 665 (2007) (quotation marks, citation, and brackets omitted). Accordingly, the trial court did not err when it refused to allow defendant to participate in the hearing.

Defendant also argues that the trial court's factual findings were insufficient. "[E]ven though defendant was properly precluded from participating in the proceedings, the trial court was still required to equitably divide the marital property and to make findings of fact to support that decision." *Id*.

> A trial court must make specific findings of fact regarding the value of each disputed piece of marital property awarded to each party in the judgment. A trial court's findings of fact are inadequate if they are not sufficiently specific to

enable the parties to determine the approximate values of their individual awards by consulting the verdict along with the valuations to which they stipulated. [*Woodington v Shokoohi*, 288 Mich App 352, 364-365; 792 NW2d 63 (2010) (citation omitted).]

The trial court did not make any findings related to the value of any portion of the disputed marital property except to broadly state, "The value of the marital home is exceeded by its debt." The court did not otherwise address the value of any of the personal property that was impacted by entry of the default judgment of divorce, nor did the court make any specific findings related to the parties' debts or retirement funds. The personal property included televisions, motor vehicles, a pontoon boat, photographs, and tools. This Court cannot determine whether the division of the marital property was equitable because of the trial court's failure to make findings of fact regarding the value of the property on the record. The proper remedy for a trial court's failure to make factual findings to support a property division is remand. See *Koy*, 274 Mich App at 660. Accordingly, this case must be remanded so the trial court can make adequate findings of fact to support its division of property.

Defendant also argues that the trial court made insufficient findings of fact regarding custody of the couple's minor child, JA. Defendant claims that the court needed to determine whether a custodial environment existed and then consider the best-interest factors enumerated in MCL 722.23. Plaintiff, however, claims that the court did not need to make such findings because the default judgment of divorce granted plaintiff sole legal and physical custody, which, she argues, maintained the custodial arrangement already put in place by the temporary custody orders entered by the trial court.

This Court in *Thompson v Thompson*, 261 Mich App 353; 683 NW2d 250 (2004), declined to accept an argument similar to plaintiff's argument here. In *Thompson*, this Court rejected the plaintiff's argument "that when a party stipulates [to] a temporary custody order, the party is no longer entitled to a full evidentiary hearing on the best interest factors." *Id*. at 357. We explained:

Plaintiff's argument is without merit, as it would preclude the trial court, on the basis of a temporary custody agreement, from hearing all relevant evidence from which to make factual findings regarding the best interest factors. By definition, a temporary custody agreement is only a *temporary* order pending further proceedings. Defendant may not be denied a full evidentiary hearing just because she stipulates with regard to "temporary custody." [*Id*.]

While the temporary custody orders at issue here were not stipulated orders like the order at issue in *Thompson*, the Court's rationale, that a temporary custody order does not preclude a full evidentiary hearing prior to the entry of a new custody order, is nonetheless applicable. Accordingly, plaintiff's argument that the trial court did not need to make findings regarding the existence of an established custodial environment and best-interest factors is incorrect.

"[A] trial court is required to determine whether there is an established custodial environment with one or both parents before making *any* custody determination." *Kessler*, 295 Mich App at 61. The trial court did not determine whether there was an established custodial

environment before awarding sole legal and physical custody to plaintiff, and the trial court's failure to do so was a clear error. *Id*. "The failure to determine whether there is an established custodial environment is not harmless because the trial court's determination regarding whether an established custodial environment exists determines the proper burden of proof in regard to the best interests of the children."[1] *Id*. at 62. Thus, this case must be remanded because "the trial court must determine whether an established custodial environment existed with plaintiff, defendant, or both parties before it determines the custody arrangement that serves the best interests of the [child]." *Id*.

Before entering the new custody order, the trial court similarly failed to make any findings regarding the best-interest factors found in MCL 722.23. Additionally, the court never made any best-interest findings prior to entering either temporary custody order. This Court has "consistently held that when deciding a custody matter[,] the trial court must evaluate each of the factors contained in [MCL 722.23] and state a conclusion on each, thereby determining the best interests of the child." *Thompson*, 261 Mich App at 363 (quotation marks and citations omitted). Furthermore, "[w]hen a trial court does not make such findings on the best-interest factors, the proper remedy is reversal and a remand for a new child-custody hearing." *Rivette v Rose-Molina*, 278 Mich App 327, 330; 750 NW2d 603 (2008). Hence, the trial court erred when it failed to consider the best-interest factors, and on remand the court must make findings and conclusions for each of the statutory best-interest factors.

Therefore, we remand for the trial court to make sufficient factual findings on the issues of child custody and the division of the marital property.

## III. CONCLUSION

We affirm the trial court's denial of the motion to aside the default; but we reverse the trial court's order on the issues of child custody and the division of marital property and remand for proceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs, neither party having prevailed in full. MCR 7.219.

/s/ Christopher M. Murray
/s/ Michael F. Gadola
/s/ Jonathan Tukel

---

[1] When a change of custody would alter the established custodial environment, the evidence must show—by a clear and convincing standard—that the change is in the children's best interests. *Kessler*, 295 Mich App at 61.