*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NOSSONAL KLEINFELDT,

      Plaintiff-Appellee,

v

NICOLE STERN,

      Defendant-Appellant.

UNPUBLISHED
March 13, 2025
11:08 AM

No. 365506
Oakland Circuit Court
LC No. 2022-511266-DC

---

NOSSONAL KLEINFELDT,

      Plaintiff-Appellee/Cross-Appellant,

v

NICOLE STERN,

      Defendant-Appellant/Cross-Appellee.

No. 366777
Oakland Circuit Court
LC No. 2022-511266-DC

---

## ON REMAND

Before: GADOLA, C.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

This case returns to this Court following our Supreme Court's order vacating Part IV(A) of our opinion and remanding to consider the issue of domicile. Defendant mother appeals the trial court's order determining the established custodial environment, custody, domicile, parenting time, child support, attorney fees, and expenses. Previously, we affirmed in part, vacated in part, and remanded to the trial court for further proceedings. *Kleinfeldt v Stern*, unpublished per curiam opinion of the Court of Appeals, issued April 18, 2024 (Docket Nos. 365506 and 366777) (*Kleinfeldt I*), vacated in part 13 NW3d 325 (Mich, 2024). On remand, we find that Part IV(A) of our opinion erroneously instructed the trial court to apply MCL 722.31 to determine the child's domicile. The trial court should instead apply MCL 722.27 in determining the issue of domicile

because there was not yet a custody order in place at the time the trial court entered the order at issue on appeal.

When the child was born, the parties executed an affidavit of parentage (AOP) that gave initial custody of the child to defendant mother. But this AOP did not constitute an initial custody order. *Foster v Wolkowitz*, 486 Mich 356, 358; 785 NW2d 59 (2010). MCL 722.31 applies only to children whose custody is governed by court order. Thus, the trial court should instead apply MCL 722.27 in determining domicile because this custody dispute was submitted as an original action.

MCL 722.27(1) provides that if a child custody dispute has been submitted to the circuit court as an original action, for the best interests of the child, the court may do one or more of the following:

> (c) Subject to subsection (3), modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches 18 years of age and, subject to section 5b of the support and parenting time enforcement act, 1982 PA 295, MCL 552.605b, until the child reaches 19 years and 6 months of age. The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered. If a motion for change of custody is filed while a parent is active duty, the court shall not consider a parent's absence due to that active duty status in a best interest of the child determination. [MCL 722.27(1)(c)].

The first sentence of MCL 722.27(1)(c) only applies when a party is attempting to modify or amend an existing custody order, while the second sentence mandates that the trial court not "modify or amend its previous judgments or orders or *issue a new order* so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." *Id*.; *Thompson v Thompson*, 261 Mich App 353, 361; 683 NW2d 250 (2004). Because the trial court's decision regarding domicile was included in an initial custody order and was not a modification or amendment of a previous order, it was only subject to the second sentence of MCL 722.27(1)(c). *Thompson*, at 361-362. "As such, the requirement to show proper cause or change of circumstances does not apply to the trial court's initial award of custody…." *Id*. at 362.

The trial court should not issue "a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." MCL 722.27(1)(c); *Thompson*, 261 Mich App at 362. The trial court found, and this Court affirmed, that the child had an established custodial environment with both parents. *Kleinfeldt I*, unpub op at 16-17. Therefore, the trial court must first consider whether issuing an order designating the child's domicile as Michigan or Florida would change the established

-2-

custodial environment of the child. MCL 722.27(1)(c). If declaring either Michigan or Florida as the child's domicile does not change the established custodial environment, the trial court may issue a new order. *Id*. If the decision regarding domicile changes the established custodial environment, the trial court must determine whether there is "clear and convincing evidence that it is in the best interest of the child" to support its decision. *Id*. The best interest of the child is determined by evaluating each of the factors set forth in MCL 722.23.

We vacate the trial court's finding of domicile and remand for reconsideration consistent with MCL 722.27(1)(c). We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra

-3-