*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

IMAN FAYEK ISMAIL,

        Plaintiff-Appellee,

v

ALAA HUSSEIN ALI,

        Defendant-Appellant.

UNPUBLISHED
June 22, 2026
9:58 AM

No. 378297
Oakland Circuit Court
LC No. 2024-532023-DM

Before: MARIANI, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

Defendant appeals as of right a default judgment of divorce. On appeal, defendant argues that the trial court erred by refusing to set aside the default on the basis that defendant failed to establish good cause. Defendant further asserts that the trial court made insufficient factual findings on the issues of the equitable division of the marital property and child custody. The trial court did not abuse its discretion by denying defendant's motion to set aside the default or in its division of marital property and debts. However, the trial court failed to make the requisite findings to support its award of sole custody of the minor children to plaintiff. We affirm in part, vacate in part, and remand for further proceedings.

## I. FACTUAL BACKGROUND

Plaintiff and defendant were married in 2002. They had four children during their marriage. The parties separated in September 2024, and defendant moved to Turkey.

In December 2024, plaintiff filed a complaint for divorce. At the time, plaintiff and defendant had two minor children. In April 2025, a default was entered against defendant "for failure to plead or otherwise defend." Six months later, in October 2025, plaintiff moved for entry of her proposed default judgment of divorce. Defendant moved to set aside the default, arguing that the proposed judgment was inequitable because it granted plaintiff custody of the minor children and required defendant to pay all the debts. Defendant claimed that he had been "going through a lot" with undisclosed "psychological conditions," had been unable to work, and "could not take the stress of this divorce case while dealing with those conditions at the same time."

The trial court held a hearing on the motion for entry of the default judgment and motion to set aside the default. Plaintiff testified that it was in the best interests of the minor children to be in her sole physical and legal custody. She stated that she disclosed all known assets and liabilities and that she believed the division of assets and liabilities in the proposed default judgment of divorce was equitable. The trial court denied defendant's motion to set aside the default and entered the default judgment of divorce, granting plaintiff sole physical and legal custody of the minor children. Defendant was awarded reasonable parenting time while he was in the state "but only after he has successfully completed reunification therapy with the minor children" and any parenting time with defendant must be supervised. The trial court awarded plaintiff the marital residence and determined that defendant was liable for all debts. This appeal followed.

## II. SETTING ASIDE OF DEFAULT

Defendant argues the trial court erred by denying his motion to set aside default. We disagree.

### A. STANDARD OF REVIEW

"The ruling on a motion to set aside a default . . . is entrusted to the discretion of the trial court. Where there has been a valid exercise of discretion, appellate review is sharply limited. Unless there has been a clear abuse of discretion, a trial court's ruling will not be set aside." *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (1999) (cleaned up). "The trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Berryman v Mackey*, 327 Mich App 711, 717; 935 NW2d 94 (2019).

### B. ANALYSIS

MCR 3.210(B) governs defaults and default judgments in domestic-relations cases. MCR 3.210(B)(1). A party may request "the entry of a default of another party for failure to plead or otherwise defend . . . ." MCR 3.210(B)(2)(a). "A motion to set aside a default, except when grounded on lack of jurisdiction over the defendant or subject matter, shall be granted only upon verified motion of the defaulted party showing good cause." MCR 3.210(B)(3). "Good cause sufficient to warrant setting aside a default or a default judgment may be shown by (1) a substantial procedural defect or irregularity or (2) a reasonable excuse for the failure to comply with the requirements that created the default." *Koy v Koy*, 274 Mich App 653, 658; 735 NW2d 665 (2007). "[A]lthough the law favors the determination of claims on the merits . . . the policy of this state is generally against setting aside defaults and default judgments that have been properly entered." *Alken-Ziegler*, 461 Mich at 229.

Defendant does not argue that the default was improperly entered. Instead, he asserts that he has shown good cause for setting aside the default. Both on appeal and in the trial court, defendant argued that his health condition was a reasonable excuse for failing to participate in the trial court proceedings. But he failed to identify a particular diagnosis, describe the extent of his purported condition, proffer documentation or other evidence regarding his purported condition, or explain how his purported condition prevented him from participating in the trial court proceedings. On appeal, defendant claims that there was "uncontroverted evidence that [he]

suffered an emergency medical event that prohibited his participation." We disagree. Although defendant provided copies of some prescriptions to plaintiff's counsel before the hearing, he failed to provide the trial court any evidence substantiating his claim that a health condition was responsible for his failure to participate. The trial court concluded that defendant failed to establish good cause to set aside the default stating, "There is nothing that's been presented to the Court that establishes whatever his alleged issues are." The trial court did not abuse its discretion by denying defendant's motion to set aside the default.

Defendant additionally argues on appeal that he had good cause for failing to answer the complaint because he was out of the country. But defendant did not present this reason in his motion to set aside the default before the trial court. Moreover, defendant admitted that he received notice of the default and thus has not established that being outside the country was "a reasonable excuse for the failure to comply with the requirements that created the default." *Koy*, 274 Mich App at 658.

Defendant further argues that before entering the default, the trial court was required to evaluate all the options on the record before imposing a default rather than a lesser sanction. In support of his contention, defendant cites *Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501, 506-507; 536 NW2d 280 (1995), in which this Court concluded that the trial court abused its discretion by dismissing the case under MCR 2.504(B)(1) for the plaintiff's failure to appear at trial because the trial court did not evaluate other available options and "a lesser sanction than dismissal would have better served the interests of justice." *Vicencio* is factually distinguishable and involves a different court rule. *Vicencio* has no application to this case.

## III. PROPERTY DIVISION

Defendant argues that the trial court failed to make sufficient factual findings regarding the requisite factors to support the property division. We disagree.

### A. STANDARD OF REVIEW

"In a divorce action, this Court reviews for clear error a trial court's factual findings on the division of marital property and whether a particular asset qualifies as marital or separate property." *Hodge v Parks*, 303 Mich App 552, 554; 844 NW2d 189 (2014). "A finding is clearly erroneous if we are left with a definite and firm conviction that a mistake has been made." *Cunningham v Cunningham*, 289 Mich App 195, 200; 795 NW2d 826 (2010). "If the trial court's findings of fact are upheld, this Court must decide whether the trial court's dispositional ruling was fair and equitable in light of those facts." *Berger v Berger*, 277 Mich App 700, 717; 747 NW2d 336 (2008). "But because we recognize that the dispositional ruling is an exercise of discretion and that appellate courts are often reluctant to reverse such rulings, we hold that the ruling should be affirmed unless the appellate court is left with the firm conviction that the division was inequitable." *Sparks v Sparks*, 440 Mich 141, 152; 485 NW2d 893 (1992).

### B. ANALYSIS

The trial court did not allow defendant to participate in the hearing resolving the division of the marital property because defendant was in default. Plaintiff's testimony was the only

evidence introduced at the hearing. "This Court has held that allowing a defaulted party to participate in the adjudication of the property division in a divorce case would effectively undermine the court's inherent authority to enforce its own directives and to mold its relief according to the character of the case." *Koy*, 274 Mich App at 659 (cleaned up). The trial court did not err by refusing to allow defendant to participate in the hearing.

"[E]ven though defendant was properly precluded from participating in the proceedings, the trial court was still required to equitably divide the marital property and to make findings of fact to support that decision." *Id*. at 659-660. See also MCR 3.210(B)(5)(b). "The goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances." *Berger*, 277 Mich App at 716-717. "The trial court need not divide the marital estate into mathematically equal portions, but any significant departure from congruence must be clearly explained." *Id*. at 717. The Michigan Supreme Court determined

> the following factors are to be considered wherever they are relevant to the circumstances of the particular case: (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity. [*Sparks*, 440 Mich at 159-160.]

"[T]he trial court must consider all the relevant factors and not assign disproportionate weight to any one circumstance." *Id*. at 158. "The trial court must make specific findings regarding the factors it determines to be relevant." *Woodington v Shokoohi*, 288 Mich App 352, 363-364; 792 NW2d 63 (2010). The trial court must also "make specific findings of fact regarding the value of each disputed piece of marital property awarded to each party in the judgment." *Id*. at 364. A "trial court's failure to make findings of fact on the record precludes this Court's review of whether the division of marital property was equitable." *Koy*, 274 Mich App at 660.

In this case, although it is a close call, the trial court made sufficient findings in support of the property awards in the judgment of divorce. During the hearing for entry of the default judgment of divorce, the trial court acknowledged several facts that affected the property division. The court was informed that defendant is a medical doctor and earned a substantial amount of money in his practice while the parties were married. Defendant moved to Turkey in the fall of 2024, prior to the institution of the divorce proceedings. Before leaving this country, defendant sold several medical clinics and received approximately $2,000,000. Plaintiff maintained that none of the sale proceeds were given to her or used on behalf of the parties' minor children. Defendant took approximately $575,000 with him when he left the country and failed to leave any financial resources for plaintiff or the children. He also failed to provide any support to plaintiff or the children after he left the country. Consequently, plaintiff and the children were evicted from the house where they were residing. Defendant admitted that he owed approximately $1,000,000 in tax debt to the Internal Revenue Service and more than $250,000 in credit card debt in his name. At the time that the default judgment of divorce was entered, defendant had not returned to this country.

With this information in hand, the court entered a default judgment of divorce that awarded defendant the tax and credit card debt that were in his name, the rent he failed to pay for the house

plaintiff and the children lived in (prior to eviction), and any other debt in his name. Conversely, plaintiff was awarded the entire value of the marital home ($662,500), half of which represented her marital share of the home and the other half of which compensated her for her marital share of the proceeds that defendant received for the sale of the two businesses. Plaintiff was also awarded the two vehicles that remained in this country that the parties' two oldest children were driving and she was required to pay any remaining payments on the vehicle leases. Otherwise, each party was awarded their personal possessions. The record reflects that these were all the debts and property from the marriage.

Under the circumstances, the court's division was fair and equitable. As the court noted, defendant moved to Turkey and left plaintiff and the children with no resources to pay for the home that they had been renting and failed to provide any financial support to plaintiff or the children after he left. Defendant absconded with at least $575,000, making those monies unavailable for distribution. Consequently, the court awarded defendant's share of the marital home—the only available asset—to plaintiff to compensate plaintiff for her share of the proceeds from the sale of the medical clinics. On this record, we are not left with the firm conviction that the division was inequitable.

## IV. CUSTODY

Defendant further argues that trial court erred by failing to make the requisite findings to support its award of sole custody of the minor children to plaintiff. We agree.

## A. STANDARD OF REVIEW

As stated in *Stoudemire v Thomas*, 344 Mich App 34, 42-43; 999 NW2d 43 (2022):

We apply three standards of review in custody cases. The great weight of the evidence standard applies to all findings of fact. A trial court's findings regarding the existence of an established custodial environment and regarding each custody factor should be affirmed unless the evidence clearly preponderates in the opposite direction. An abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions. Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law.

\* \* \*

In child custody cases, [a]n abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias. [(Cleaned up).]

"[U]pon a finding of error, appellate courts should remand to the trial court unless the error was harmless." *Fletcher v Fletcher*, 447 Mich 871, 882; 526 NW2d 889 (1994).

## B. ANALYSIS

Defendant asserts that the court needed to first determine whether a custodial environment existed and then consider the best-interest factors enumerated in MCL 722.23 before awarding sole legal and physical custody to plaintiff. We agree. "[A] trial court is required to determine whether there is an established custodial environment with one or both parents before making *any* custody determination." *Kessler v Kessler*, 295 Mich App 54, 61; 811 NW2d 39 (2011). An established custodial environment exists with a party "if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c). An established custodial environment is one of "significant duration" and comprises "both the physical and psychological sense in which the relationship between the custodian and the child is marked by qualities of security, stability and permanence." *Sabatine v Sabatine*, 513 Mich 276, 286; 15 NW3d 204 (2024) (cleaned up). In determining whether an established custodial environment exists, the trial court must consider "[t]he age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship . . . ." MCL 722.27(1)(c).

In this case, plaintiff testified that she believed her proposed custody arrangement was in the minor children's best interests. The trial court did not determine whether an established custodial environment existed with either or both of the parties before awarding sole physical and legal custody of the minor children to plaintiff. This was clear error. See *Kessler*, 295 Mich App at 61 (holding that a "trial court clearly err[s] when it fail[s] to determine whether there was an established custodial environment with either or both of the parties before making its custody determination"). Accordingly, we vacate the custody portion of the default judgment of divorce and remand for the trial court to determine whether an established custodial environment existed. "On remand, the trial court should consider up-to-date information and any other changes in circumstances arising since the trial court's original custody order." *Id*. at 63 (cleaned up).

On remand, if the trial court finds that an established custodial environment exists, then it may not change the established custodial environment unless there is "clear and convincing evidence that it is in the best interest of the child." MCL 722.27(1)(c). See also *Thompson v Thompson*, 261 Mich App 353, 361; 683 NW2d 250 (2004) (stating that where an established custodial environment exists, the court is required to apply the clear and convincing evidence standard regardless of whether it is making an initial custody determination or modifying a previous custody order). However, if the trial court finds that no established custodial environment exists, then plaintiff must demonstrate by a preponderance of the evidence that her proposed custody arrangement is in the children's best interests. See *Pierron v Pierron*, 282 Mich App 222, 245; 765 NW2d 345 (2009), aff'd 486 Mich 81; 782 NW2d 480 (2010). To determine the children's best interests, the trial court must consider the statutory best-interest factors outlined in MCL 722.23 "and explicitly state its findings and conclusions with respect to each of these factors." *Kuebler v Kuebler*, 346 Mich App 633, 671; 13 NW3d 339 (2023) (cleaned up).

## V. CONCLUSION

We affirm the trial court's denial of the motion to aside the default and its division of marital property and debts, but we vacate the portion of the default judgment of divorce on the

issue of custody and remand the matter for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Philip P. Mariani
/s/ Christopher M. Murray
/s/ Sima G. Patel