KOY v KOY

Docket No. 265587. Submitted February 7, 2007, at Detroit. Decided March 13, 2007, at 9:00 a.m.

Concetta M. Koy sought a divorce from Frank J. Koy in the Macomb Circuit Court. The defendant failed to respond to the plaintiff's interrogatories, repeatedly failed to comply with court orders, and failed to pay both the plaintiff's attorney fees as ordered and the sanctions assessed against him. Following a hearing for which the defendant failed to appear, the court, Mark S. Switalski, J., entered a default against the defendant. The court denied the defendant's motion to set aside the default, and subsequently entered a default judgment of divorce. The court denied the defendant's motion to set aside the default judgment, and the defendant appealed.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion by denying the defendant's motion to set aside the default judgment. A court will grant a motion to set aside a default judgment, other than a motion based on a lack of jurisdiction over the defendant, only if good cause is shown. MCR 2.603(D)(1). The defendant does not assert that there were procedural irregularities or defects in the entry of the judgment or the proceedings leading up to it, however, and he does not offer an excuse for failing to comply with the court's orders. The trial court imposed increasing levels of sanctions to compel the defendant's involvement in the proceedings. The record demonstrates that the defendant's persistent failures to comply with the court's orders were neither accidental nor involuntary. Thus, the trial court properly exercised its discretion in entering the default and the default judgment.

2. The trial court did not err by precluding the defendant's participation in the proceedings after entry of the default. Nonetheless, the trial court was still required to divide the marital property equitably and to make findings of fact on the record to support that decision. Because the trial court did not make findings on the record, it is impossible to review the property division to determine if it was equitable. While the trial court apparently relied on the assertions of the plaintiff's counsel in dividing the property, the record is not adequately developed

regarding those assertions or the evidence counsel relied on in making them. The matter must be remanded to the trial court for proper findings of fact supporting the property division and for a redistribution of the assets, if necessary.

3. Although the trial court did not make formal findings of fact regarding the spousal support award, this error was harmless in light of the facts reflected in the record. The defendant was not entitled to offer evidence on the record after the trial court entered the default, and the court was justified in accepting the plaintiff's assertions as the basis for the spousal support award. A trial court has the discretion to award spousal support when just and reasonable, after considering the length of the marriage, the parties' ability to pay, their past relations and conduct, their ages, needs, ability to work, health, and fault, if any, and all other circumstances of the case. Given the plaintiff's assertions, it is possible to review the award and conclude that the trial court did not abuse its discretion by awarding the amount it did.

4. The trial court did err, however, by including in the order awarding spousal support a provision specifying that the support cannot be modified. An award of spousal support is subject to modification on a showing of changed circumstances, and on remand the trial court must remove the provision to the contrary.

Affirmed in part and remanded for further proceedings.

1. DIVORCE — DEFAULT JUDGMENTS.

A trial court properly exercises its power in a divorce action by entering a default and, if appropriate, a default judgment against a party when the trial court must resort repeatedly to orders and sanctions of increasing severity to compel the party's participation in the court proceedings but the party still refuses to comply.

2. DIVORCE — DIVISION OF MARITAL PROPERTY — DEFAULTS.

A trial court in a divorce action is required to divide the marital property equitably and make findings of fact to support that decision, even when the trial court has properly precluded the defendant from participating in the proceeding after the entry of a default.

3. DIVORCE — SPOUSAL SUPPORT — DEFAULT JUDGMENTS.

A trial court in a divorce action may award spousal support when just and reasonable after considering the length of the marriage, the parties' ability to pay, their past relations and conduct, their ages, needs, ability to work, health, and fault, if any, and all other circumstances of the case; if the trial court enters a default against

the defendant, the defendant is not entitled to offer evidence on the record, and the trial court is justified in accepting the plaintiff's assertions as the basis for the spousal support award.

4. DIVORCE — SPOUSAL SUPPORT — MODIFICATION OF SPOUSAL SUPPORT AWARDS.

An award of spousal support in a divorce action is subject to modification on a showing of changed circumstances.

*Judith A. Curtis* for the plaintiff.

*Puzzuoli, Hribar, Iafrate, Majerowicz, Jansen & Kohler* (by *R. Timothy Kohler*) for the defendant.

Before: KELLY, P.J., and DAVIS and SERVITTO, JJ.

KELLY, P.J. Defendant appeals as of right a default judgment of divorce entered by the trial court pursuant to MCR 2.603. We affirm in part and remand for findings of fact supporting the division of marital property and deletion of language indicating that the spousal support is not modifiable.

### I. FACTS

Plaintiff filed for divorce in December 2004. Although defendant filed a counterclaim for divorce, he did not respond to plaintiff's interrogatories concerning marital assets, repeatedly refused to comply with court orders throughout the proceedings, and failed to pay plaintiff's attorney fees as ordered and the sanctions that were ultimately assessed against him. At a hearing on July 13, 2005, plaintiff's counsel requested that a default be entered against defendant because he had "violate[d] every order this Court has entered . . . . He hasn't complied with one order." Defendant failed to appear for the July 13 hearing, but his attorney read a note from defendant into the record. The note read: "Please note I will not be present on July 13th, 2005, I'll

be in the Wayne County Dickerson Facility." Defense counsel added that he "ha[d] no idea what's going on [with defendant]." The trial court entered a default against defendant for failing to "appear for settlement conference and . . . for failure to comply with the court's orders, specifically, failing to answer plaintiff's interrogatories and request for production of documents and failing to pay court ordered attorney fees[.]"

In August 2005, defendant appeared before the trial court for a hearing on his motion to set aside the default. He asserted that he did not appear at the July 13 hearing because he was incarcerated, though he could not provide proof of incarceration. Defendant still had not answered the interrogatories, nor did he offer any explanation for his noncompliance. The trial court denied defendant's motion to set aside the default.

At a September 8, 2005, hearing on plaintiff's motion for entry of a default judgment of divorce, plaintiff asked for spousal support in the amount of $2,500 a month. Plaintiff also submitted a proposed judgment dividing the marital estate, estimated at around $1 million, less mortgages and other debt obligations. In response to the trial court's question regarding whether the proposal was equitable, plaintiff's counsel responded that the marriage had been "commenced on a fraudulent basis" and that defendant had dissipated all of plaintiff's assets, but continued to earn profits through his successful real estate sales and generate income from rental properties belonging to both parties. No inquiry was made concerning whether plaintiff's counsel's representations were accurate.

The trial court asked defendant why he had failed to answer interrogatories and to comply with court orders. In part, defendant explained: "I am not very good at doing that type of paperwork. She basically knows the

assets. The information that she has was information I provided to her and also her cousin. I have not tried to hide—did not do the court interrogatories." Defendant promised to have the interrogatory answers completed in one week. The trial court stated that defendant had not complied with discovery and was trying to answer the interrogatory questions "here on the fly . . . ." However, the trial court indicated that it would not accept that "at this late date." The trial court did not make further factual findings on the record, but granted plaintiff's motion for entry of a default judgment.

Defendant filed a motion to stay the default judgment of divorce and to set it aside. Defendant asserted that a stay was necessary because, although he had filed this appeal, plaintiff had begun to evict tenants, sell properties, and dispose of assets. According to defendant, "the sale of the properties and termination of tenancy [would] cause irreparable harm to the joint and separate estate of these parties." The trial court agreed to grant the stay if defendant posted a bond in the amount of $564,888 to protect the real estate at issue, but denied defendant's motion to set aside the judgment. Defendant never posted the bond.

II. ANALYSIS

A. DEFAULT JUDGMENT

Defendant contends that the trial court erred in denying his motion to set aside the default judgment of divorce. We review for an abuse of discretion a trial court's decision on a motion to set aside a default judgment. *Alken-Ziegler, Inc v Waterbury Headers Corp,* 461 Mich 219, 227; 600 NW2d 638 (1999). When not based on a lack of jurisdiction over the defendant, a motion to set aside a default judgment will only be

granted "if good cause is shown and an affidavit of facts showing a meritorious defense is filed." MCR 2.603(D)(1). Good cause sufficient to warrant setting aside a default or a default judgment may be shown by (1) a substantial procedural defect or irregularity or (2) a reasonable excuse for the failure to comply with the requirements that created the default. *Saffian v Simmons*, 267 Mich App 297, 301-302; 704 NW2d 722 (2005), aff'd 477 Mich 8 (2007).

Defendant does not assert that there were any procedural irregularities or defects in the entry of the default judgment or the proceedings leading up to it, nor does he offer an excuse for failing to comply with the court's orders. He simply asserts that the sanction was too harsh. We disagree. Defendant repeatedly failed to comply with numerous court orders. In one instance, the trial court held defendant in contempt of court for failure to return a vehicle to plaintiff as ordered. When defendant finally did return the vehicle, he did so without the keys. The trial court also ordered defendant to answer interrogatories, which he never did. The trial court ultimately ordered defendant to pay a fine for each day the interrogatories were outstanding. But defendant also failed to pay those sanctions. Thus, the trial court imposed increasing levels of sanctions in attempts to compel defendant's involvement in the court proceedings. And despite the imposition of these increased sanctions, defendant continued to flout the court's orders. Consequently, plaintiff moved for entry of a default. Defendant also failed to appear at the hearing for the entry of the default, instead sending a note with his attorney stating that he was incarcerated, an assertion for which he offered no proof. Thus, the record demonstrates that defendant's persistent failures to comply with the court's orders were neither accidental nor involuntary.

When a trial court must resort repeatedly to orders and sanctions of increasing severity to compel a party's participation in court proceedings, and the party still refuses to comply, the trial court properly exercises its power in entering a default and, if appropriate, a default judgment against that party. As this Court previously stated in *Draggoo v Draggoo*, 223 Mich App 415, 427; 566 NW2d 642 (1997), "In our view, the ultimate sanction of default judgment is a necessary sanction at the trial court's disposal to require compliance with its interim orders in a divorce case." Under the circumstances of this case, the trial court did not abuse its discretion in denying defendant's motion to set aside the default judgment.

### B. DIVISION OF PROPERTY

Defendant also challenges the trial court's division of marital property, because defendant was precluded from participating in the proceedings and the trial court did not make any findings of fact.

The trial court did not err in precluding defendant's participation after entry of the default. This Court has held that "[a]llowing a defaulted party to participate in the adjudication of the property division in a divorce case would effectively undermine the court's 'inherent authority to enforce its own directives' and '[to mold] its relief according to the character of the case.' " *Draggoo, supra* at 428 (citations omitted). Nonetheless, the Supreme Court has held that even when a party makes an attempt to deliberately conceal marital assets, as plaintiff asserts that defendant did here, there is no automatic rule of forfeiture and the court's role is still to achieve equity, not to punish the noncompliant party. *Sands v Sands*, 442 Mich 30, 36-37; 497 NW2d 493 (1993). Accordingly, even though defendant was

properly precluded from participating in the proceedings, the trial court was still required to equitably divide the marital property and to make findings of fact to support that decision.

The trial court's failure to make findings of fact on the record precludes this Court's review of whether the division of marital property was equitable. This Court must review the trial court's findings of fact with regard to the property division to determine whether it is equitable. *Draggoo, supra* at 429. Even though the trial court appeared to rely solely on the representations of plaintiff's counsel in dividing the property, the record is simply not adequately developed regarding counsel's representations or the evidence she relied on regarding the marital assets. On remand, therefore, the record must be properly developed in this regard, and the trial court shall make findings of fact supporting its property division. The trial court may, in its discretion, consider redistribution of assets. If the trial court finds redistribution necessary, it may incorporate any assets not covered in the original judgment as required to make the division equitable.

### C. SPOUSAL SUPPORT

Defendant also contends that the trial court erred in its spousal support award because it did not make findings of fact on the record. We disagree.

It is within the discretion of the trial court to award spousal support when just and reasonable, on the basis of such factors as "the length of the marriage, the parties' ability to pay, their past relations and conduct, their ages, needs, ability to work, health and fault, if any, and all other circumstances of the case." *Magee v Magee,* 218 Mich App 158, 162; 553 NW2d 363 (1996).

"In deciding a divorce action, the circuit court must make findings of fact and dispositional rulings." *Id.* at 161.

Although the trial court did not make formal findings of fact on the record, this error was harmless in light of the facts that are reflected in the record. Because of the default entered against him, defendant was not entitled to offer any evidence on the record, and the trial court was justified in accepting plaintiff's assertions as the basis for the spousal support award. On the record, the trial court asked plaintiff whether her assertions in the complaint were true. She responded that they were. In her complaint, plaintiff asserted that defendant was the primary wage earner and paid most of the marital expenses. She also asserted that she was without sufficient funds to provide for herself. Plaintiff stated that she came to the marriage as a widow with approximately $400,000, which defendant used in real estate transactions made without her authorization. Plaintiff was left with approximately $5,000. With regard to defendant's income, plaintiff indicated that defendant "never files income tax," but his income from ReMax in 2004 was $88,000. On the basis of these assertions, which defendant cannot dispute, we are able to adequately review the spousal support award, and we cannot conclude that the trial court abused its discretion in awarding plaintiff $2,500 a month.

We agree, however, that the trial court erred in ordering that the spousal support is "non-modifiable." An award of spousal support is subject to modification on a showing of changed circumstances. *Moore v Moore*, 242 Mich App 652, 654; 619 NW2d 723 (2000). Plaintiff contends that there is no legal error in the spousal support award because, under *Gates v Gates*, 256 Mich App 420, 433-434; 664 NW2d 231 (2003), the spousal-

support provision in a divorce judgment should be construed as modifiable even if it does not appear so on its face. However, while *Gates* indicates that an award of spousal support need not specify that it is modifiable, the award in this case improperly states that it is "*non*-modifiable." On remand, therefore, the trial court shall modify the divorce judgment to remove the provision specifying that the spousal support award cannot be modified.

We affirm in part and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.