# STATE OF MICHIGAN

# COURT OF APPEALS

---

MOUNTHER MIKHO,

        Plaintiff-Appellee,

v

HUDA SALEEM MIKHO,

        Defendant-Appellant.

UNPUBLISHED
December 18, 2018

No. 338523
Oakland Circuit Court
Family Division
LC No. 2016-844170-DO

---

Before: TUKEL, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

      Defendant, Huda Saleem Mikho, appeals as of right[1] from a default judgment of divorce. For the reasons provided below, we reverse and remand.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

      This case arises from a divorce proceeding following a five-month marriage. Plaintiff and defendant were married on February 20, 2016. According to plaintiff, on or about June 30, 2016, defendant was arrested for assaulting him. A no-contact order was put in place, and the parties separated. On July 15, 2016, plaintiff filed a complaint for divorce. The parties engaged in mediation on January 9, 2017, in an attempt to resolve their various disputes. Defendant received the assistance of an interpreter throughout mediation. According to the mediation status report, the case was to be set for trial because the parties could not settle.

---

[1] Plaintiff, Mounther Mikho, challenges this Court's jurisdiction in his brief on appeal, arguing that defendant's claim of appeal was untimely filed. Plaintiff's challenge is meritless. Defendant filed a motion to set aside the default judgment of divorce on April 7, 2017, within 21 days of the entry of the judgment. The trial court signed the order denying defendant's motion to set aside the default judgment of divorce on May 3, 2017, and it was entered into the trial court's register of actions on May 8, 2017. Defendant filed her claim of appeal on May 24, 2017, which was within the 21-day period required under the court rule. Therefore, pursuant to MCR 7.204(A)(1), the claim of appeal was timely filed.

At a February 7, 2017 hearing, plaintiff's counsel advised the trial court that the matter had been settled and that counsel had prepared a proposed consent judgment which plaintiff had signed. Plaintiff's counsel told the court that she expected defendant to sign the consent judgment prior to the hearing and thought that the only matter to address at the hearing would be the placing of statutory proofs[2] on the record. In reply, defense counsel stated that defendant wished to sign the agreement in front of the court but that English was not her first language and she had not yet been able to review the proposed consent judgment with the assistance of a translator. Plaintiff's counsel gave the impression that this review would be easily accomplished and that thereafter defendant would sign the consent judgment. However, at no time during the hearing did defendant testify or otherwise state that she had agreed to the terms of the proposed consent judgment.

The trial court took statutory proofs, but no proofs were taken as to the settlement itself. The court issued an "Order Scheduling Date for Return of Judgment," directing that the parties either submit a consent judgment signed by both parties by February 28, 2017, or appear for a pretrial hearing on that date. At defendant's request, the hearing was later adjourned to March 29, 2017. At some point during these events, defendant told her attorney that she no longer wished her to serve in that capacity and hired new counsel.

Despite the fact that no settlement documents had been signed by defendant and that there was a pretrial hearing set for March 29, 2017, plaintiff filed a motion for entry of judgment to be heard on March 22, 2017.[3] According to defendant's then-attorney, she was very ill at the time and did not inform defendant of the motion, believing that defendant's new counsel would be aware of it. However, because new counsel had not yet filed an appearance, he was not served with the motion. As a result, defendant never learned of the hearing and neither defendant nor her counsel appeared at the March 22, 2017 hearing. At that hearing, the trial court signed the proffered judgment of divorce, which it now characterized as a default judgment despite the fact that no default had been entered, nor had plaintiff ever filed a motion for entry of default judgment.

Following the entry of judgment, defendant, represented by new counsel, promptly filed a motion to set aside, which was denied.

---

[2] "The court shall enter a judgment dissolving the bonds of matrimony if evidence is presented in open court that there has been a breakdown in the marriage relationship to the extent that the objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved." MCL 552.6(3).

[3] Plaintiff's counsel told the court that she scheduled the motion for entry of judgment despite the proceeding scheduled the following week for that purpose because she did not believe plaintiff would sign the judgment and she was not available on the previously set March 29, 2017, date.

## II. ANALYSIS

On appeal, defendant argues that the trial court abused its discretion by declining to set aside the default judgment of divorce because the trial court was aware of plaintiff's fraud, the division of property was inequitable, and defendant never received notice of the entry of default judgment of divorce. We agree that the default judgment must be vacated.

This Court reviews a trial court's decision on a motion to set aside a default or a default judgment for an abuse of discretion. *Koy v Koy*, 274 Mich App 653, 657; 735 NW2d 665 (2007). "An abuse of discretion occurs when the decision resulted in an outcome falling outside the range of principled outcomes." *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008). While the law favors the determination of claims on the merits, setting aside defaults and default judgments that have been properly entered is generally disfavored. *Shawl v Spence Bros*, 280 Mich App 213, 221; 760 NW2d 674 (2008). This Court's review is "sharply limited," and we defer to the trial court absent a clear abuse of discretion. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (1999).

Except when based on a lack of jurisdiction over the defendant, a motion to set aside a default or default judgment shall be granted only "if good cause is shown and an affidavit of facts showing a meritorious defense is filed." MCR 2.603(D)(1); *Koy*, 274 Mich App at 658. Good cause sufficient to warrant setting aside a default judgment can be shown by "(1) a substantial procedural defect or irregularity or (2) a reasonable excuse for the failure to comply with the requirements that created the default." *Koy*, 274 Mich App at 658, citing *Saffian v Simmons*, 267 Mich App 297, 301-302; 704 NW2d 722 (2005), aff'd 477 Mich 8 (2007).

We conclude that entry of a default judgment in this divorce case was inconsistent with the court rules. No proofs were taken regarding the substance of the proffered property settlement at the February 7 hearing, and defendant never signed the proposed consent judgment. MCR 3.211(F)(1) provides that a judgment of divorce may be entered after the court renders an opinion on the merits or "the settlement *agreement* is placed on the record." (Emphasis added). Here, there was no trial on the merits, and there could be no *agreement* absent defendant's consent to it. Moreover, MCR 2.507(G) provides that "[a]n agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney." And MCR 3.216(H)(8) governing mediation in divorce cases provides:

> If a settlement is reached as a result of the mediation, to be binding, the terms of that settlement must be reduced to a signed writing by the parties or acknowledged by the parties on an audio or video recording. After a settlement has been reached, the parties shall take steps necessary to enter judgment as in the case of other settlements.

The bottom line was aptly set forth in *Wyskowski v Wyskowski*, 211 Mich App 699, 702; 536 NW2d 603 (1995):

> [W]hen the terms of the parties' agreement are placed on the record there must at least be an admission, i.e., acknowledgement, by the parties that the agreement contains the terms of the settlement and the parties' signatures.

Consequently, absent defendant's agreement as shown by her signature or statement in open court, entry of a judgment was improper.

To the extent that plaintiff argues that these concerns can be overlooked because defendant failed to appear at the March 22, 2017 motion hearing and that entry of a default judgment without notice was therefore proper under MCR 3.210(B)(4)(d), we disagree. Before there can be a default judgment, there first must be the entry of a default. MCR 3.210(B)(2). "A party may request the entry of a default of another party for failure to plead or otherwise defend." MCR 3.210(B)(2)(a). Here, defendant pleaded, by filing an answer, and defended by litigating from the inception of the case, including through mediation. In no way could defendant's actions be characterized as failing to plead or otherwise defend. Thus, no default would have laid, even if plaintiff had sought one, which he did not. It was improper for the trial court to enter a default judgment because a default judgment can only be entered against a "defaulted party," with at least 14 days' notice. MCR 3.210(B)(4)(a).

Plaintiff cites to MCR 3.210(B)(4)(d). However, that rule speaks to notice requirements only. Specifically, that rule provides that "[i]f the default is entered for failure to appear for a scheduled trial or hearing, notice under this subrule is not required." MCR 3.210(B)(4)(d). Here, however, as noted, no default had been entered.

As to the substantive issue of entering a default judgment, one must look to MCR 3.210(B)(5)(a), which provides that "[a] judgment of divorce . . . may not be entered as a matter of course on the default of a party because of failure to appear at the hearing or by consent, and the case must be heard in open court on proofs taken, except as otherwise provided by statute or court rule." The propriety of plaintiff's failure to file notice is not the issue; the issue is whether a default judgment could be entered at all given the requirements of MCR 3.210(B)(4)(a) and 3.210(B)(5)(a). No applicable statute or court rule allowing the entry of default judgment under these circumstances has been cited by plaintiff.

For these reasons, we hold that the trial court erred when it denied defendant's motion to set aside the default judgment.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Jonathan Tukel
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro

-4-