*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOANE BARDWELL,

        Plaintiff-Appellee,

v

JAMES BARDWELL,

        Defendant-Appellant.

UNPUBLISHED
May 13, 2021

No. 352852
Barry Circuit Court
LC No. 2019-000771-DO

Before: MURRAY, C.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

In this domestic relations case, defendant appeals as of right the trial court's default judgment of divorce, as well as the court's order denying defendant's motion to set aside the default judgment. Defendant contends that the trial court abused its discretion by denying defendant's motion to set aside the judgment. Defendant further contends that the property division and spousal support provisions contained in the default judgment of divorce are unsupported by record evidence and inequitable. We affirm in part, reverse in part, and remand for further proceedings.

## I. FACTUAL BACKGROUND

Plaintiff instituted this divorce action after, according to her testimony, she found defendant having an affair and defendant indicated to plaintiff that he wanted a divorce. After defendant failed to respond to plaintiff's complaint, plaintiff moved for entry of a default and later moved for entry of a default judgment. A hearing was held on plaintiff's motion for entry of a default judgment, at which defendant appeared by phone. Defendant explained that he did not participate in the proceedings earlier because he did not know the same was a requirement. The trial court then took testimony from plaintiff, and thereafter, entered the default judgment of divorce.

The default judgment awarded plaintiff the marital home and the mortgage responsibilities on the home. The judgment divided a number of vehicles owned by the parties between the two, and awarded the parties the personal property in their possession with the caveat that defendant was entitled to return to the marital home to collect firearms, clothing, and personal effects. The

-1-

judgment also divided intangible personal property including bank accounts, retirement accounts, and the like, to the individual party named on the account. Lastly, and relevant to this appeal, the judgment ordered defendant to pay $2,200 per month in indefinite spousal support.

Following entry of the default judgment, defendant moved to have the default and default judgment set aside. Defendant primarily argued that a substantial defect in the default procedure existed. Specifically, defendant contended that plaintiff failed to serve on him the proposed Uniform Spousal Support Order (USSO) that would have indicated to defendant the amount of spousal support plaintiff was seeking. Defendant further contended that the trial court failed to adequately develop the record and make findings of fact to support the spousal support award and property distribution. Following a hearing on defendant's motion, the trial court determined that no defect in the default procedure existed. The court further concluded that plaintiff had provided sufficient testimony to support the spousal support award and property distribution. This appeal followed.

## II. FAILURE TO SET ASIDE THE DEFAULT AND DEFAULT JUDGMENT

We first address defendant's argument that the trial court abused its discretion by denying defendant's motion to set aside the default and default judgment. Defendant contends that the default and default judgment should have been set aside on the basis of substantial irregularities in the default proceedings, or at the very least, on the basis of defendant's excusable neglect. We disagree.

"A trial court's decision regarding a motion to set aside a default judgment is reviewed for an abuse of discretion." *Epps v 4 Quarters Restorations, LLC*, 498 Mich 518, 528; 872 NW2d 412 (2015) (quotation marks and citation omitted). "An abuse of discretion occurs when the trial court's decision results in an outcome that falls outside the range of principled outcomes." *Id*. "[T]he policy of this state is generally against setting aside default judgments that have been properly entered." *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999). "Where there has been a valid exercise of discretion, appellate review is sharply limited." *Id*. at 227.

Our Supreme Court has explained defaults and default judgments as follows:

A default is a punitive measure used to encourage participation and cooperation in litigation. Entry of a default judgment is equivalent to an admission of every well-pleaded matter in the complaint. Once the default of a party has been entered, that party may not proceed with the action until the default has been set aside by the court. [*Epps*, 498 Mich at 554 (quotation marks and citations omitted).]

With specific respect to domestic relations actions, and contrary to much of defendant's argument on appeal, a trial court does not abuse its discretion by precluding a defaulted party from participating in proceedings following entry of the default. *Koy v Koy*, 274 Mich App 653, 659; 735 NW2d 665 (2007).

MCR 3.210(B) refers to entry of defaults and default judgments in domestic relations cases. The rule specifically provides with respect to setting aside default judgments:

(a) A motion to set aside a default judgment, except when grounded on lack of jurisdiction over the defendant, lack of subject matter jurisdiction, failure to serve the notice of default as required by subrule (B)(2)(b), or failure to serve the proposed default judgment and notice of hearing for the entry of the judgment under subrule (B)(4), shall be granted only if the motion is filed within 21 days after the default judgment was entered and if good cause is shown.

(b) In addition, the court may set aside a default judgment or modify the terms of the judgment in accordance with statute or MCR 2.612.[1]  [MCR 3.210(B)(6)(a) and (b).]

"Good cause sufficient to warrant setting aside a default or a default judgment may be shown by (1) a substantial procedural defect or irregularity or (2) a reasonable excuse for the failure to comply with the requirements that created the default." *Koy*, 274 Mich App at 658.

Defendant's primary argument with respect to setting aside the default judgment is that substantial procedural irregularities were present in the proceedings. Namely, defendant contends that plaintiff failed to attach a proposed USSO to the proposed default judgment she served on defendant, and thus defendant had no knowledge of the amount of spousal support that plaintiff was requesting.[2]

---

[1] MCR 2.612 provides, in relevant part:

(C) Grounds for Relief from Judgment

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

(a) Mistake, inadvertence, surprise, or excusable neglect.  [MCR 2.612(C)(1)(a).]

[2] We note plaintiff's argument on appeal that, even if plaintiff failed to serve the USSO, defendant has not pointed to any law to suggest that failing to serve the same would preclude entry of the default judgment. This is incorrect. MCR 3.210(B)(4) provides:

(a) A party moving for default judgment *must* schedule a hearing and serve the motion, notice of hearing, and a copy of the proposed judgment upon the defaulted party at least 14 days before the hearing on entry of the default judgment, and promptly file a proof of service when:

Defendant points to statements made by plaintiff's counsel during the hearing on plaintiff's motion for entry of the default judgment. At the close of the hearing, plaintiff's counsel noted that she filed a proposed judgment of divorce with the trial court, but the trial court could not locate the USSO that should have been attached to the same. The following exchange occurred:

> *The Court*: I don't see it. Looks like I've got the judgment. I don't—unless the—let's see—
>
> *Plaintiff's Counsel*: That would be my omission, Your Honor. I had—and I do not have a clean file copy for Your Honor. We had—I should have submitted with that a $1500 monthly spousal support order.
>
> *The Court*: Why don't you submit that and when it comes in I'll enter the judgment.
>
> *Plaintiff's Counsel*: I will do that, Your Honor. Thank you.

At the subsequent hearing on defendant's motion to set aside the default and default judgment, the trial court inquired of plaintiff's counsel as to whether the above statements were intended to represent that plaintiff's counsel failed to file and serve the proposed USSO.

> *The Court*: And you were able to confirm in your file that you in fact sent [the motion] with a copy of that proposed USSO to [defendant] with a proposed judgment?
>
> *Plaintiff's Counsel*: I had a copy of what I had proposed in my file. It was your staff, Your Honor, that located in the court's file the Uniform Spousal Support Order which had been submitted to the court together with the motion as part of the proposed judgment.
>
> *The Court*: I understand that. But did you send [defendant] a copy of that when you sent him the proposed default?
>
> *Plaintiff's Counsel*: Oh, yes, I'm quite sure I did.

---

(i) The action involves entry of a judgment of divorce, separate maintenance, or annulment under subrule (B)(5)(a). [MCR 3.210(B)(4)(a)(i) (emphasis added).]

The court rule requires that a party moving for entry of a default judgment of divorce must serve the motion with a copy of the proposed judgment upon the defaulted party prior to entry of the judgment. In this case, the USSO was an integral piece of the proposed judgment, and service of the same was required.

-4-

*The Court*: That was my question.  Because what I was hearing was, oh, I didn't do that, but what I couldn't tell was whether that was an acknowledgment that you didn't or, oh, my goodness did I not do that?

*Plaintiff's Counsel*: Right.

*The Court*: And so, what you're saying is, is that it was the latter.  You were kind of taken aback that you might not have but then you were able to confirm that you did in fact send it to him.

*Plaintiff's Counsel*: Right.

Plaintiff's counsel then explained certain irregularities that existed in the USSO that was entered as part of the default judgment.  To wit, the USSO provided for $2,200 of monthly support despite plaintiff's counsel having indicated at the hearing that she was requesting $1,500, and the USSO indicated that it was based on a stipulation by the parties.  Plaintiff's counsel explained: "The place where the $2200 came from was a verbal agreement that my client represented to me that she had with [defendant] when he discontinued from afar any financial support to the home front."  Following that explanation, the Court concluded: "I can't find based on the presentation today that there is—that there was a defect in the default procedure."[3]

While defendant has been adamant that he was never served the document, on the basis of the above, we are not left with a definite and firm conviction that the trial court made a mistake when it concluded that the proposed USSO was properly filed and served.  Accordingly, the record does not support the conclusion that the trial court abused its discretion, or that a defect in procedure provides this Court good cause to disturb the default judgment.

Defendant contends in the alternative that, to the extent that no substantial procedural defect exists, the trial court should have set aside the default on the basis of excusable neglect by defendant. On appeal, and below, defendant contended that he neglected to participate in the proceedings because he did not know the same was a requirement and because he had not retained counsel.  Defendant further notes on appeal that he was confused because he believed at the time that he was working with plaintiff's counsel to reach an amicable resolution to the case.  These arguments are unavailing.  "The carelessness or neglect of either the litigant or his attorney is not normally grounds for granting a belated application to set aside a default regularly entered." *Epps*, 498 Mich at 554 (quotation marks and citation omitted).  See also *Totman v Sch Dist of Royal Oak*, 135 Mich App 121, 126; 352 NW2d 364 (1984) ("[A] person acting in propria persona should be held to the same standards as members of the bar.").  Moreover, even assuming arguendo that defendant's neglect should be considered, to some extent, excusable, MCR 2.612(C)(1) provides that a court "may relieve a party" on the basis of excusable neglect, and defendant has not directed this Court to any law to suggest that the trial court was required to do so here.  Accordingly, we discern no abuse of discretion on the trial court's part.

---

[3] The trial court amended the USSO to indicate that it was not based on a stipulation of the parties.

-5-

III. PROPERTY DISTRIBUTION

Defendant next argues that the trial court erred by failing to equitably divide the parties' marital estate. Defendant notes that the trial court should have considered the factors set forth in *Sparks v Sparks*, 400 Mich 141; 485 NW2d 893 (1992), to determine how to equitably divide the marital assets in this case. Those factors include:

> (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity. [*Sparks*, 440 Mich at 159-160.]

Defendant contends that that the trial court failed to make factual findings with respect to the factors, and that none of plaintiff's testimony in this case spoke to factors 2, 3, 5, 7, and 9. Defendant further suggests that he should have been permitted to participate in the presentment of proofs in this case as they related to the factors. On the basis of the available record, we agree that the trial court's failure to make factual findings constituted an abuse of discretion.

In *Sparks*, our Supreme Court outlined the standard of review in divorce cases involving property distribution and spousal support:

> [T]he appellate standard of review of dispositional rulings is not limited to clear error or to abuse of discretion. The appellate court must first review the trial court's findings of fact under the clearly erroneous standard. If the findings of fact are upheld, the appellate court must decide whether the dispositive ruling was fair and equitable in light of those facts. But because we recognize that the dispositional ruling is an exercise of discretion and that appellate courts are often reluctant to reverse such rulings, . . . the ruling should be affirmed unless the appellate court is left with the firm conviction that the division was inequitable. [*Sparks*, 440 Mich at 151-152.]

"The trial court's failure to make findings of fact on the record precludes this Court's review of whether the division of marital property was equitable." *Koy*, 274 Mich App at 660. With specific respect to the *Sparks* factors, the trial court "must make specific findings regarding the factors it determines to be relevant." *Woodington v Shokoohi*, 288 Mich App at 363-364; 792 NW2d 63 (2010).

As a preliminary matter, we note that defendant's suggestion that the trial court abused its discretion by failing to permit him to present his own proofs or otherwise more meaningfully engage in the proceedings following entry of the default is without merit. "This Court has held that allowing a defaulted party to participate in the adjudication of the property division in a divorce case would effectively undermine the court's inherent authority to enforce its own directives and to mold its relief according to the character of the case." *Koy*, 274 Mich App at 659. That is, the trial court had no obligation to permit defendant to present his own proofs or testimony after the default was entered.

That having been said, as defendant notes, "even [where a] defendant was properly precluded from participating in the proceedings, the trial court [is] still required to equitably divide the marital property and to make findings of fact to support that decision." *Id*. at 659-660. The trial court made no findings of fact in this case. And, while there is some testimony from plaintiff to support an evaluation of the marital home and certain vehicles, neither plaintiff nor the court addressed the value of any other personal property impacted by the default judgment, which included guns, bank accounts, retirement accounts, and additional vehicles not valuated in plaintiff's testimony. Thus, it is impossible for this Court to determine whether the property distribution in this case was fair and equitable because the trial court failed to make any findings about the value of the property awarded.

With the above in mind, we remand for the trial court to make factual findings to support its property distribution, and where the record is insufficient to provide a basis for factual findings, to further develop the record. See *Koy*, 274 Mich App at 660. As in *Koy*, the trial court in this case "may, in its discretion, consider redistribution of assets," and, "[i]f the trial court finds redistribution necessary, it may incorporate any assets not covered in the original judgment as required to make the division equitable." *Id*.

## IV. SPOUSAL SUPPORT

Defendant lastly contends that the trial court abused its discretion in awarding spousal support because plaintiff never requested the same, and alternatively, abused its discretion by failing to make findings of fact and engage the necessary factors. While the trial court should have made factual findings in support of its award, we conclude with respect to spousal support that this error was harmless.

We review a trial court's decision to award spousal support for an abuse of discretion. *Olson v Olson*, 256 Mich App 619, 631; 671 NW2d 64 (2003); *Butler v Simmons-Butler*, 308 Mich App 195, 223; 863 NW2d 677 (2014). As with property division, the trial court's findings of fact regarding spousal support are reviewed for clear error. *Butler*, 308 Mich App at 222. "If the trial court's findings are not clearly erroneous, this Court must then decide whether the dispositional ruling was fair and equitable in light of the facts." *Id*. This Court will not disturb a trial court's decision regarding spousal support unless it is firmly convinced that the decision was inequitable. *Id*. at 223.

In *Olson*, this Court noted:

The main objective of alimony is to balance the incomes and needs of the parties in a way that will not impoverish either party, and alimony is to be based on what is just and reasonable under the circumstances of the case. Among the factors that should be considered are: (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the sources and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect

of cohabitation on a party's financial status, and (14) general principles of equity. [*Olson*, 256 Mich App at 631.]

As with property division, with respect to spousal support, "the trial court should make specific factual findings regarding the factors that are relevant to the particular case." *Myland v Myland*, 290 Mich App 691, 695; 804 NW2d 124 (2010).

Defendant's first argument mirrors his argument with respect to the trial court's denial of his motion to set aside the default judgment. Despite the question presented in his brief on appeal, however, defendant does not actually contend that plaintiff failed to request spousal support,[4] but that plaintiff failed to properly serve the proposed USSO on defendant prior to entry of the default judgment. For the same reasons outlined in section II of this opinion, this argument is without merit. The trial court determined that there was no defect in the default procedure in this case, and as noted above, we discern no abuse of discretion in that ruling on the basis of the available record. See *Alken-Ziegler*, 461 Mich at 227.

Defendant's more persuasive argument is that the trial court failed to make factual findings and to consult the appropriate factors in making its spousal support distribution. Again, the trial court made no factual findings in this case. However, unlike the property distribution in this case in which the record evidence was insufficient for us to review the trial court's ultimate disposition, the record is sufficient on the issue of spousal support such that we are not firmly convinced that the trial court's decision as to that issue was inequitable. See *Koy*, 274 Mich App 653, 669 (noting that a trial court's failure to make specific findings regarding an award of spousal support was harmless error because the record evidence supported the award). Plaintiff testified that the parties had been married since 2000, that plaintiff is disabled and incapable of working, that she is the primary caregiver to two children, and that she has been reliant on defendant's support. Plaintiff further testified that she receives $1,525 per month in social security disability benefits, and that defendant receives a net pay of $1,200 per week—or $62,400 annually—in addition to between $2,800 and $2,893 in a monthly per diem—or between $33,600 and $34,716 annually. We note that defendant disputed these numbers in his motion to set aside the default judgment, but as indicated above, defendant was not entitled following entry of the default to offer record evidence, and accordingly "the trial court was justified in accepting plaintiff's assertions as the basis for the spousal support award." *Id*. at 661. With that in mind, we discern no abuse of discretion on the part of the trial court with respect to the spousal support award of $2,200 per month.[5]

---

[4] Plaintiff requested spousal support in her complaint, and the same request was clear from the proposed judgment attached to her motion for entry of the default judgment. It was further clear from defendant's statements at the motion hearing involving entry of the default judgment that defendant was aware that spousal support was being requested.

[5] We further note that the trial court indicated to defendant that he could file a motion to modify the spousal support award to the extent that there had been a change of circumstances. The trial court stated to defendant: "you may file a motion to modify the judgment in order to accommodate circumstances that you believe the Court should be considering but that the Court isn't considering because you're in default." Defendant did not file such a motion, and we are simply not in a

We affirm the trial court's denial of defendant's motion to set aside the default and default judgment, and we affirm the trial court's discretionary determination with respect to spousal support. We reverse the trial court's distribution of the marital estate, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. No taxable costs, neither party having prevailed in full. MCR 7.219.

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher

---

position on appeal to modify the spousal support award on the basis of facts asserted in support of defendant's motion to set aside the default and default judgment.