*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANJU SETHI KHURANA,

UNPUBLISHED
March 2, 2023

Plaintiff-Appellee,

v

No. 360714
Oakland Circuit Court
Family Division

GREESH KHURANA,

LC No. 2021-504642-DM

Defendant-Appellant.

Before: K.F. KELLY, P.J., and MURRAY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff and defendant were married for 18 years and have two children together, one of whom is still a minor at the time of this appeal. Plaintiff sued for a divorce, and defendant failed to plead, defend, or otherwise respond within the time prescribed in the court rules. A default and default judgment were entered against defendant. The trial court denied defendant's motion to set aside the default judgment. We affirm.

When plaintiff first filed for divorce, the parties agreed to dismiss the action and "refile to provide the parties additional time to see if they could reconcile." Plaintiff then refiled for divorce one year later and, after receiving no response from defendant despite three attempts of personal service, moved for alternate service so that she could email the summons to defendant. Defendant still did not respond one month after plaintiff emailed him the summons, and plaintiff moved for a default which was granted by the trial court.

Three months later, still without any response from defendant, plaintiff moved for entry of default judgment. In accordance with plaintiff's pleadings, and after taking little testimony from plaintiff, the trial court awarded plaintiff sole legal and physical custody of the children, $1,500 per month in spousal support, $2,058 per month in child support, two vehicles, the marital home, various bank accounts, and half of the pension and retirement accounts previously owned by both parties. Defendant was awarded parenting time over holiday breaks as well as over two weeks each summer, one vehicle, and three pieces of real property that the parties owned in India.

Defendant moved to set aside the default judgment exactly 21 days after it had been entered by the trial court. Defendant's motion to set aside the default judgment stated that he received numerous pieces of mail from plaintiff's attorney, but he did not open those correspondences because he thought they were bills requesting payment for plaintiff's attorney fees from the first action of divorce. Further, he argued that the division of property, parenting time, and support provisions of the default judgment were inequitable. Defendant did not argue that the trial court was required to make certain findings of fact, but instead he argued that the findings were made in error because he alleged that plaintiff had made misrepresentations.

The trial court held a hearing regarding defendant's motion to set aside the default judgment, and defendant testified that he did not open a copy of plaintiff's motion for the entry of default judgment that was sent to him. The trial court denied defendant's motion because he was negligent in not opening the correspondence that would otherwise have notified him about the proceedings.

Defendant now appeals, and he argues that the trial court erred when it denied his motion because the trial court did not make the necessary findings of fact regarding the equitable division of the property, the best interests of the children, and the necessity for spousal support when entering the default judgment.

Defendant did not raise these issues, however, in the trial court, and defendant admits that he did not preserve these issues for appellate review. "[G]enerally, a failure to timely raise an issue waives review of that issue on appeal." *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008) (cleaned up). This Court, however, "has the power to consider an issue when necessary, even if unpreserved or not properly presented." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 228; 964 NW2d 809 (2020). In this case the issues concern the custody of a minor child and, out of an abundance of caution, we will review them for plain error affecting defendant's substantial rights. *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008).

"To avoid forfeiture under the plain-error rule, three requirements must be met: (1) an error must have occurred; (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *Id*. at 328-329 (cleaned up). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *In re Diehl*, 329 Mich App 671, 701; 944 NW2d 180 (2019).

"A motion to set aside a default judgment…shall be granted only if the motion is filed within 21 days after the default judgment was entered and if good cause is shown." MCR 3.210(B)(6)(a). "Good cause sufficient to warrant setting aside a default or a default judgment may be shown by (1) a substantial procedural defect or irregularity or (2) a reasonable excuse for the failure to comply with the requirements that created the default." *Koy v Koy*, 274 Mich App 653, 658, 660-661; 735 NW2d 665 (2007).

Despite the default, the trial court was required to make findings of fact to support the equitable division of the marital property as well as the award of spousal support. *Id*. at 657. Additionally, "a trial court is required to determine whether there is an established custodial environment with one or both parents before making any custody determination." *Kessler v Kessler*, 295 Mich App 54, 61; 811 NW2d 39 (2011). "To determine the best interests of the

children in child custody cases, a trial court must consider" the factors set forth in MCL 722.23, and the trial court must state its findings regarding those factors. *Foskett v Foskett*, 247 Mich App 1, 9; 634 NW2d 363 (2001). These requirements are reinforced by MCR 3.210(B)(5)(a) which prohibits a trial court from entering a default judgment in an action of divorce "as a matter of course on the default of a party because of failure to appear at the hearing or by consent," because "the case must be heard in open court on proofs taken."

In this case, the trial court did not make any factual findings regarding the division of the property and it only relied on plaintiff's conclusory testimony that she believed that she needed $1,500 a month in spousal support without any supporting documentation to verify defendant's income. The trial court also did not discuss the best-interest factors of the children nor whether there was an established custodial environment. These are obvious errors because the trial court did not make the requisite factual findings or determinations, and these errors also clearly violated MCR 3.210(B)(5)(a).

The issue for this appeal, however, is whether the trial court plainly erred when denying defendant's motion to set aside the default judgment. Defendant admitted in his motion that he received several pieces of mail from plaintiff's attorney regarding the proceedings, but he did not open those correspondences because he assumed that plaintiff's attorney was requesting payment. Simply put, defendant admitted that he deliberately ignored correspondence that would have informed him that the divorce action was commencing and that plaintiff had moved for a default and default judgment. Defendant's assumption, regarding the correspondence from plaintiff's attorney, does not alleviate him of the responsibility to respond to the litigation in the time prescribed by the court rules and does not demonstrate a reasonable excuse for failing to comply with the court rules.

Furthermore, the errors that defendant now raises do not require reversal, under a plain error standard of review, if they did not affect his substantial rights. Defendant only argues that the errors affected his substantial rights because the outcome of the default judgment was inequitable. Defendant does not argue how the errors prejudiced him and affected the trial court's decision to deny his motion to set aside the default judgment. Additionally, defendant is not precluded from moving to modify the matters decided in the default judgment. Matters of custody, parenting time, and support can be revisited if appropriate circumstances arise. MCL 722.27(1)(c); MCL 552.28; *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003); *Loutts v Loutts*, 309 Mich App 203; 871 NW2d 298 (2015).

The trial court properly denied defendant's motion to set aside the default judgment because defendant cannot show good cause when he deliberately ignored correspondence that would have informed him about this case.

Affirmed. Plaintiff, as the prevailing party, may tax costs under MCR 7.219.

/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray
/s/ Brock A. Swartzle