*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARIETTA MELISSA GENTZ,

        Plaintiff-Appellee,

UNPUBLISHED
March 16, 2023

v

No. 360561
Manistee Circuit Court
Family Division
LC No. 20-017159-DM

DAVID ALLEN GENTZ,

        Defendant-Appellant.

Before: M. J. KELLY, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right the default judgment of divorce from plaintiff, as well as the trial court's decision denying defendant's motion to set aside the default and the trial court's decision denying defendant's motion to allow him to participate at the evidentiary hearing. Defendant argues that the trial court abused its discretion in declining to set aside the default and not allowing him to participate at the hearing, and that the distribution of two businesses owned by the parties was inequitable. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The parties were married in March 2002, and have one minor child. The parties are co-owners of two businesses: Robert Gentz Forest Products, Inc. ("the operating company"), a timber business; and GFP Real Property, LLC ("the real estate company"), which owns the property and leases it to the operating company for its operations. Plaintiff filed a complaint for divorce in September 2020, and default was entered against defendant for failure to timely plead or otherwise defend in November. In June 2021, defendant answered the complaint and moved to set aside the default, arguing good cause, which the trial court denied.

The parties mediated and reached an agreement regarding child custody and other property except for the valuation and distribution of the two businesses. When plaintiff moved to enter a default judgment of divorce, defendant moved to allow his participation at the evidentiary hearing, which the trial court also denied. Plaintiff testified at the hearing, and produced evidence in support of the valuation of the businesses and their distribution. Defendant was not allowed to

offer proofs, but could place his objections and arguments on the record. The court accepted plaintiff's valuation of the businesses, determined that her proposed distribution was fair and equitable, and entered the default judgment of divorce. Defendant was awarded both businesses, but in the event that plaintiff could not be removed from the business debts, the companies would be liquidated and the debts paid. Defendant was ordered to pay plaintiff $475,271.50 for half the marital value of the businesses.

## II. MOTION TO SET ASIDE DEFAULT

Defendant first argues that the trial court abused its discretion by failing to set aside the default entered against him because good cause was shown. We disagree.

A trial court's decision on a motion to set aside a default is reviewed for an abuse of discretion. *Koy v Koy*, 274 Mich App 653, 657; 735 NW2d 665 (2007). "An abuse of discretion occurs when the trial court's decision results in an outcome that falls outside the range of principled outcomes." *Epps v 4 Quarters Restorations, LLC*, 498 Mich 518, 528; 872 NW2d 412 (2015) (quotation marks and citation omitted).

MCR 3.210 applies to domestic relations actions.[1] MCR 3.210(D)(2)(a) provides for the entry of default for failure to plead or otherwise defend, and the defaulted party may not proceed with the action until the default is set aside, MCR 3.210(D)(2)(c). Except when grounded on lack of personal or subject-matter jurisdiction, a motion to set aside a default "shall be granted only upon verified motion of the defaulted party showing good cause." MCR 3.210(D)(3). "Good cause sufficient to warrant setting aside a default or default judgment may be shown by (1) a substantial procedural defect or irregularity or (2) a reasonable excuse for the failure to comply with the requirements that created the default." *Koy*, 274 Mich App at 658.

Defendant does not assert that there were any procedural irregularities or defects in the proceedings leading to entry of the default. Rather, he gives various reasons why it was reasonable that he did not answer the complaint for divorce. He asserted that he tried to retain several different attorneys but was unsuccessful, plaintiff interfered with his attempts and "sabotaged" the businesses, giving him less funds to retain counsel, and it would be manifestly unjust to allow the court to value the marital estate without proper valuations of the businesses.

A defendant must serve and file an answer within 21 days after being served with a summons and complaint. MCR 2.108(A)(1). The summons and complaint were served on defendant on October 8, 2020. On November 24, 2020, default was requested, and the next day, default was entered against defendant for failure to plead or otherwise defend. Thus, the default was properly entered, MCR 3.210(D)(2)(a), and the policy of this state is generally against setting

---

[1] Defendant argues that MCR 2.603 applies to this issue; however, when two court rules or statutes conflict, the one more specific to the subject matter applies. *Miller v Allstate*, 481 Mich 601, 613; 751 NW2d 463 (2008); *Livonia Hotel LLC v Livonia*, 259 Mich App 116, 131; 673 NW2d 763 (2003). Because MCR 3.210 applies to domestic relations cases, it applies, and it does not require showing a meritorious defense. MCR 3.210(D)(3).

aside defaults that were properly entered, *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999). "Where there has been a valid exercise of discretion, appellate review is sharply limited." *Id*. at 227. Defendant asserts that he tried to retain counsel but was unable to. However, "[t]he carelessness or neglect of either the litigant or his attorney is not normally grounds for granting a belated application to set aside a default regularly entered." *Epps*, 498 Mich at 554 (quotation marks and citation omitted). See also *Totman v Sch Dist of Royal Oak*, 135 Mich App 121, 126; 352 NW2d 364 (1984) ("[A] person acting *in propria persona* should be held to the same standards as members of the bar.").[2] Defendant could have answered the complaint acting *in propria persona*, and did not move to set aside the November 2020 default until June 2021. Accordingly, the trial court did not abuse its discretion in determining that good cause to set aside the default did not exist, and properly denied defendant's motion.

## III. MOTION TO ALLOW PARTICIPATION

Next, defendant argues that the trial court erred by precluding him from participating at the evidentiary hearing, in essence, because he could have produced evidence for a proper valuation of the businesses. We disagree.

The trial court's decision whether to allow a defaulted party to participate in the proceedings is also reviewed for an abuse of discretion. See *Koy*, 274 Mich App at 659. "An abuse of discretion occurs when the trial court's decision results in an outcome that falls outside the range of principled outcomes." *Epps*, 498 Mich at 528 (quotation marks and citation omitted).

Once a default is entered in a domestic relations case, the defaulted party may not proceed with the action until the default is set aside by the court. MCR 3.210(B)(2)(c). As explained in the previous issue, defendant moved to set aside the default, which the court properly denied. However, the court

> may permit a party in default to participate in discovery . . . , file motions, and participate in court proceedings, referee hearings, mediations, arbitration and other alternative dispute resolution proceedings. The court may impose conditions or limitations on the defaulted party's participation. [MCR 3.210(B)(2)(d).]

"This Court has held that allowing a defaulted party to participate in the adjudication of the property division in a divorce case would effectively undermine the court's inherent authority to enforce its own directives and to mold its relief according to the character of the case." *Koy*, 274 Mich App at 659 (quotation marks, brackets, and citation omitted). However, even when a party is properly precluded from participating in the proceedings, "the trial court [is] still required to equitably divide the marital property and to make findings of fact to support that decision." *Id*. at 659-660.

---

[2] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority." *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).

At the hearing on defendant's motion to participate, the court noted that defendant's first attorney withdrew because of lack of communication, and defendant's new attorney was attempting to relitigate the motion to set aside the default. The court also questioned whether plaintiff's counsel was denied the opportunity to meet with Jason Bodmer, defendant's proposed appraiser, and opined that defendant had no interest in allowing Bodmer to be a neutral and detached evaluator. Thus, the court denied defendant the ability to present evidence or participate at the evidentiary hearing as a defaulted party, but said that if it was not comfortable that it could reach a fair and equitable distribution, it would reexamine its ruling and reopen the proofs. At the evidentiary hearing, defense counsel was able to place his objections to the evidence on the record for appellate purposes, and make an argument opposing entry of the default judgment, although the trial court said it would not consider the bases of his argument in making its decision given defendant's default status. This was not an abuse of discretion. The trial court's actions were within its discretion to impose limitations and conditions on defendant, a properly defaulted party.

## IV. PROPERTY DISTRIBUTION

Lastly, defendant argues that the property distribution in the judgment of divorce was not fair and equitable regarding the two businesses. We disagree.

In reviewing a property distribution in a domestic relations case, the Court "must first review the trial court's findings of fact under the clearly erroneous standard." *Sparks v Sparks*, 440 Mich 141, 151; 485 NW2d 893 (1992). "If the findings of fact are upheld, the appellate court must decide whether the dispositive ruling was fair and equitable in light of those facts." *Id*. at 151-152. "But because we recognize that the dispositional ruling is an exercise of discretion and that appellate courts are often reluctant to reverse such rulings, we hold that the ruling should be affirmed unless the appellate court is left with the firm conviction that the division was inequitable." *Id*. at 152 (footnote omitted).

There is no strict mathematical formulation to distributing marital assets, and while the division need not be equal, it must be equitable. *Id*. at 159. To determine how to equitably divide marital assets, the court must consider the following factors when relevant to the circumstances of the case:

> (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity. [*Id*. at 159-160.]

When one of these factors are relevant, the trial court must make specific findings of fact as to that factor. *Id*. at 159. As concluded above, the trial court had no obligation to permit defendant to present his own proofs or testimony after the default was entered, *Koy*, 274 Mich App at 659, so the trial court properly only considered the evidence presented by plaintiff. However, "even [where a] defendant was properly precluded from participating in the proceedings, the trial court [is] still required to equitably divide the marital property and to make findings of fact to support that decision." *Id*. at 659-660.

The court acknowledged that it was only hearing evidence from one side, and would not consider defendant's objections when deciding whether to enter the judgment of divorce. Based on plaintiff's exhibits, the court found that the proposed judgment of divorce was fair and equitable. The court accepted the values set forth in plaintiff's Exhibit 1 as true and accurate except for the correction of the depreciated value of the real estate company by $14,000 less. However, plaintiff testified that certain items were not included in the equipment appraisal, such as vehicles and other machinery, which the court believed would be in excess of $14,000. Defendant would receive two valuable businesses that had a high profit in the last year, and a cash payout from the sale of the marital home to use toward his own new home. Thus, the trial court concluded that the proposed judgment of divorce was fair and equitable.

The trial court's factual findings were not clearly erroneous. Plaintiff's Exhibit 1 entered at the evidentiary hearing valued the operating company at $185,048, taking into consideration the current assets, the equipment appraisal, the shareholder loan, the SBA loan, and the forgiven Paycheck Protection Program (PPP) loan. Plaintiff's half plus half of the shareholder loan equaled $278,189. The real estate company was valued by taking the average of the value with no depreciation plus the depreciated value, with plaintiff's half totaling $197,082.50. Plaintiff's counsel acknowledged at the hearing that there was a mathematical error in the depreciated value for the real estate company listed on Exhibit 1—it should have been $14,000 less. However, plaintiff testified that there were several pieces of equipment that were not included in the equipment appraisal, such as work trucks and a forwarder (a vehicle that picks up logs). Thus, although the error existed, the trial court did not abuse its discretion in determining that the missing equipment was equivalent to, or more than, the $14,000 miscalculation in the depreciated value, and entering the judgment of divorce based on the figures in Exhibit 1. Plaintiff produced the operating company's compiled financial statements from 2011 to 2020 in support of the figures reached in Exhibit 1, as well as the Miedema equipment appraisal. Plaintiff's Exhibit 5 was the PPP loan forgiveness application form, and plaintiff clarified at the hearing that she was only considering $116,500 of the PPP loan forgiveness, which was the amount forgiven as of December 31, 2020. Plaintiff's Exhibit 6, a profits and loss sheet, demonstrated that the operating company's net income for the year 2021 was $641,305.16. Although defendant objected to the admission of these documents based on hearsay as plaintiff was not the author or creator of the documents, his defaulted status precluded his participation in the evidentiary hearing and the trial court allowed him to place his objections on the record for appellate purposes only. Thus, defendant's arguments regarding the proper valuation of the companies based on the Bodmer appraisal are irrelevant as those documents were not considered by the trial court based on defendant's default status.

In light of these findings, we conclude that the trial court's distribution of the marital estate in the default judgment of divorce was fair and equitable.

Affirmed.

/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Thomas C. Cameron