*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN DAVID LEWIS,

Plaintiff-Appellee,

v

WANDA JEAN LEWIS,

Defendant-Appellant.

UNPUBLISHED
May 12, 2025
12:13 PM

No. 371027
Lenawee Circuit Court
Family Division
LC No. 2018-045490-DO

Before: O'BRIEN, P.J., and K. F. KELLY and BORRELLO, JJ.

PER CURIAM.

In this divorce action, defendant appeals by right from the judgment of divorce (JOD). For the reasons set forth in this opinion, we remand this matter for the trial court to make the necessary factual findings to support its property distribution and ruling on spousal support and for the trial court to conduct any further proceedings necessary to permit it to make those findings.

On appeal, defendant contests the trial court's judgment with respect to the division of marital property and spousal support. However, the trial court did not make any factual findings to support its rulings on these matters, and we thus have no means of providing meaningful appellate review.

"The overarching goal of a trial court's property distribution in a divorce action is equity. Although marital property need not be divided equally, it must be divided equitably in light of a court's evaluation of the parties' contributions, faults and needs." *Elahham v Al-Jabban*, 319 Mich App 112, 121; 899 NW2d 768 (2017) (quotation marks and citations omitted). In turn, "this Court must review the trial court's findings of fact with regard to the property division to determine whether it is equitable." *Koy v Koy*, 274 Mich App 653, 660; 735 NW2d 665 (2007). With respect to the property distribution,

> [t]he following factors are to be considered wherever they are relevant to the circumstances of the particular case: (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9)

general principles of equity. There may even be additional factors that are relevant to a particular case. For example, the court may choose to consider the interruption of the personal career or education of either party. The determination of relevant factors will vary depending on the facts and circumstances of the case. [*Elahham*, 319 Mich App at 121 (quotation marks and citation omitted).]

Similarly, a trial court must also make factual findings in support of a ruling on spousal support because it "is within the discretion of the trial court to award spousal support when just and reasonable, on the basis of such factors as the length of the marriage, the parties' ability to pay, their past relations and conduct, their ages, needs, ability to work, health and fault, if any, and all other circumstances of the case." *Koy*, 274 Mich App at 660-661 (quotation marks and citation omitted).

Here, we have no record evidence where the trial court made any findings of fact or addressed any factors relevant to its decisions on the distribution of property and spousal support. Consequently, we are unable to provide meaningful appellate review of the trial court's decisions. We therefore vacate the judgment of divorce and remand this matter for further proceedings not inconsistent with this opinion. On remand, the record shall be properly developed and the trial court shall make necessary findings of fact and conclusions of law to support its decisions. *Id*. at 660. In the court's discretion, it may also reconsider any claims for sanctions made by either party, since defendant's appellate arguments in this regard appear intricately connected with the arguments on property division and spousal support. The trial court shall also provide its findings of fact, conclusions of law, and reasoning supporting its decision so as to facilitate any future appellate review.

Vacated and remanded. We do not retain jurisdiction. No costs are awarded. MCR 7.219(A).

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello